HUGO KINNER, Defendant in Error, *v.* JAMES B. WALSH, Garnishee of HENRY HELD, Plaintiff in Error.

1. *Husband and wife — Deed of trust of wife's separate property to secure debts of the husband — Liability of surplus in the hands of the trustee after sale for debts of the husband.*—Where a married woman, jointly with her husband, conveys her separate real estate by deed of trust to secure a certain debt of her husband, and the deed provided that if the property should be sold under the deed the proceeds should be applied to the payment of the debt, and the remainder, if any, should be paid to the parties of the first part — the husband and wife — or their legal representatives: held, that this remainder should be returned to the party of whose property it was the proceeds, and that by the provision of the deed it belongs to the wife alone.

2. *Husband and wife — Deed of trust of separate real estate of wife to secure debts of the husband — Equity of redemption, to whom it descends — Surplus.*—Where a married woman, jointly with her husband, conveys her separate real estate to secure debts of her husband, and dies before sale under the deed, the equity of redemption descends to her heirs; and upon her death their right of property becomes complete, subject only to the trust deed and to the curtesy of the husband. That descent carries with it the right to any surplus arising from the sale of the property after paying the debt secured by the deed.

3. *Husband and wife — Debts of husband contracted during coverture — Property of wife not derived from her husband — Presumptions.*—The law authorizes no general presumption that the debts of the husband contracted during marriage were for the joint benefit of the husband and wife, and, if it did, it could not apply to the property of the wife held before coverture. Nothing is to be presumed against the separate estate of the wife, not derived from the husband, that does not arise from her deed.

*Error to St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*J. A. Beal*, for plaintiff in error.

I. The surplus left after satisfaction of the deed of trust belonged to the heirs of Anna Held, and could not be seized by attachment or execution against Henry Held to pay the debt of Henry Held. These lots belonged to Anna Held before her marriage with Henry Held. By section 14, p. 464, of General Statutes of 1865, the rents, issues, and products of the real estate of a married woman, and the interest of the husband in the prop-

erty of Anna Held which she owned before marriage, are "exempt from attachment or levy of execution for the sole debts of the husband." This section also exempts from attachment and execution "all moneys and obligations arising from the sale of such real estate" owned by the wife. The money attempted to be garnisheed on execution arose from the sale of Anna Held's real estate, and the debt was not her debt.

II. The allowing a plaintiff in execution to summon a party as garnishee of defendant in execution contemplates the garnishee being a debtor of the defendant. (8 Mo. 322.) J. B. Walsh did not owe Henry Held a debt. He was trustee, vested with the legal title of Mrs. Held's property, affected with a trust for her heirs.

III. On the death of Anna Held a descent was cast, and her real estate descended to the heirs at law, to-wit: her children; and the sale of the property after her death vested in her children the surplus proceeds of whatever was left. The same rules apply as in the case of a mortgage. (2 Washb. Real Prop. pp. 152, 545, ed. 1868.)

IV. A question might arise whether the husband was entitled to curtesy in the surplus proceeds; if so, how is a creditor of Henry Held to get the curtesy in money? On judgment against Welsh it is an absolute recovery; there is nothing to show that, on the death of Henry Held, Kinner, the plaintiff in the execution, holds the money or remainder for the children of Anna Held. Before Henry Held could get the money for his curtesy, he would be compelled to give security to refund it to the heirs of Anna Held on his death; otherwise, the curtesy would be an absolute estate and ownership of the money, but to be returned on his death. It would be more than usufruct—it would be a total consumption of the money, and the heirs would not be able to reach the money. Curtesy in real estate is the usufruct of the land during the life of the husband; and on his death the land reverts to the heirs or legal owners. In garnishment, the curtesy can not give the money to Kinner and require him to refund it at his death. How are the children of Mrs. Held to get the money after the death of Henry Held? (23 Penn. 231.)

*Woerner & Kehr*, for defendant in error.

I. The debt secured by the deed of trust, having been contracted during marriage, must be presumed to have been contracted for the joint benefit of husband and wife; and it matters not that the notes were signed by the husband alone, for, if signed by the wife, the act on her part would have been nugatory. In Phelps v. Tappan, 18 Mo. 394, it is held that property purchased by the husband during marriage is liable for the debts of the wife contracted before marriage, because it is presumed to be "the fruit of the joint industry of husband and wife." The debt on which the garnishment was founded was likewise contracted during marriage; hence, for the joint benefit of husband and wife.

II. Section 14, chapter 115, Gen. Stat. 1865, p. 464, has no application to this case, because the section exempts the rents, issues, and products only during coverture. Here coverture has ceased by the death of the wife.

III. The surplus realized belongs to Held absolutely. After the sale the trustee has a surplus in his hands, which the deed of trust directs him to pay " to Henry Held and Anna Held, his wife, or their legal representatives." Who is entitled to this money? If the interest of Anna Held in the money be regarded as a chattel real, then, the husband having survived the wife, "the law gives him her chattel real, absolutely by survivorship; for he was in possession of the chattel real during coverture by a kind of joint tenancy with the wife." (2 Kent's Com. 135.) If the right to the money be regarded as a chose in action, which had its inception during the marriage, it undoubtedly passes to the husband, who survives, and may be recovered at the suit of any creditor. (Hockaday v. Sallee's Garn., 26 Mo. 220.) The sale under the deed of trust is a conversion of the realty, and the surplus is personal property. (Leigh & Dalzell on Eq. Conv. pp. 47, 128, 143.)

BLISS, Judge, delivered the opinion of the court.

On the 18th of September, 1865, Henry Held and Anna, his wife, conveyed to Walsh, the garnishee, three separate parcels of

land in trust to secure certain indebtedness of Henry Held named in the deed. The agreed statement of facts shows that Anna Held, when the deed was executed, owned in her own right more than half of the land. The deed provided that in the event of a sale to satisfy the debt, the surplus, after its payment, etc., shall be paid to the grantors of the deed or their legal representatives. Anna Held died March 15, 1867, leaving two children. Some of the notes of Henry Held, secured by the deed of trust, maturing, Walsh, the trustee, on the 4th of March, 1868, sold the property, paid up all the notes, the costs, expenses, etc., amounting to $2,969.30, and a surplus of $620.70 remained in his hands.

To reach that surplus, and subject it to the payment of another debt of Henry Held, the plaintiff (Kinner) instituted the present proceedings in garnishment against Walsh, who replies to the interrogatories, setting forth the facts as above stated, and claiming that he holds the money in trust for the estate of Anna Held. The Circuit Court rendered judgment against the garnishee for the amount of plaintiff's debt, and the case is brought up by writ of error.

It is unnecessary, in our view of the principal question involved in this record, to pass upon the right of the plaintiff to garnishee a trust fund in the hands of the trustee. The more important question arises out of the relation of Mrs. Held and her heirs to the fund. In any proceeding, whether by garnishment or otherwise, can this money be subjected to the debts of the husband? The original debt, to secure which the trust deed was executed, was his alone. The notes were not her contracts, nor does it appear that she was in any manner interested in them or in anything connected with them. For the aid, alone, of her husband, she conveyed her property in trust in the nature of a mortgage to secure his debts. The debts are unprovided for; the property is sold. More than half of the proceeds of the sale of what was exclusively hers is applied upon these debts, and a balance remains in the hands of the trustee. Does that money belong to the wife and her representatives or to the husband and his? If by any lawful contract she has parted with her interest and given it to him, then his creditors, in the proper way, may come in and

appropriate it. But the only instrument affecting the question is the trust deed. Through that she lost most of the property embraced in it, but the object of the trust is accomplished and a residue remains. What is the effect of the trust deed upon that residue?

If the terms of the deed are to control in its fair interpretation, it can have no effect to divest the fund from its natural course. On the other hand, by an express provision for the distribution of the fund, it belongs to her alone; for the deed provides that if the property shall be sold, the proceeds shall be appropriated to the payment of the notes, etc., "and the remainder, if any, shall be paid to the said parties of the first part," Mr. and Mrs. Held, "or their legal representatives." There is only one just construction that can be given to this language, and that is that this remainder should be returned to the party of whose property it was the proceeds—the party whom the equities of the case point out as entitled to it. The relation of husband and wife has nothing to do with the question. His curtesy cuts no figure in this case. In conveying the property to secure his debts, she stands as a stranger, and all the difference there is is in her favor; for, while a stranger can make any kind of a contract with him, she could only act by the deed. The deed not designating which of the said parties should receive this surplus, it clearly belongs to her, for out of her land it was made. But disregard this reservation, and the result is the same.

Anna Held died about a year before the sale. The equity of redemption descended to her heirs, and their right to the property became complete, subject only to the trust deed and to the curtesy of her husband. That descent carried with it the right to any surplus arising from the sale of the property, after paying the debt. There is no difference in this respect between a common mortgage or a mortgage with power to sell, and a trust in the nature of a mortgage with power to sell. They are all alike redeemable, and are all given for the same end. (Washb. Real Prop., book 1, chap. 16, § 5; Bourne v. Bourne, 2 Hare, 35; Shaw v. Headley, 8 Blackf. 165; Moses v. Murgatroyd, 1 Johns. Ch. 130; Wright v. Rose, 2 Sim. & Stu. 323; 1 Hill. on Mort.

chap. 14, § 28.) It is of no importance, so far as this case is concerned, to consider the effect of the provision in the deed reserving the surplus to her "legal representatives;" for, whether it go to the heir or administrator, it is equally exempt from attachment or any other proceeding to subject it to the husband's debts. This is not a proceeding against the curtesy of the husband, if he have any in the little left after paying his debts, and the rights of his creditors in that respect need not be considered.

We are referred to section 14, chap. 115, of General Statutes. This section exempts, among other things, all moneys and obligations arising from the sale of the wife's real estate from attachment or levy during coverture for the sole debts of the husband, and is a very just provision. But it does not control the case, as it applies only to attachments, etc., "during coverture," and not after the wife's decease. The section furnishes a necessary safeguard for the real estate of the wife and the proceeds of its sale, securing her in its enjoyment and against loss from her husband's debts. The provision does not apply to such estate and proceeds after her decease, nor is it needed, inasmuch as the fact of her death passes beyond his control and the reach of his creditors the property thus protected during her life.

I know not on what principle counsel base their claim that the debts of the husband contracted during marriage must be presumed to have been for the joint benefit of husband and wife. The law makes no such general presumption, and if it did it could not apply to the property of the wife held before coverture. Upon proof of fraud, an estate of the wife derived from the husband might under some circumstances be reached by his creditors; and certain presumptions, so far as the term applies to reasonable inferences, may arise from those circumstances. But nothing is presumed against the separate estate of the wife, not derived from the husband, that does not arise from her deed.

The judgment is reversed. The other judges concur.