# Beard, Adm'r *v.* Smith.

### *Petition by Widow of Decedent for Exemption.*

1.   *Foreclosure of mortgage on real estate by sale; when surplus considered as realty.*   When, on the foreclosure of a mortgage on real estate, a surplus remains after paying the mortgage debt, such surplus does not become personalty for the purposes of distribution among the next of kin, or of exemption to the decedent's widow or minor children, but, standing in the place of the equity of redemption, retains all the properties of realty.

2.   *Surplus on foreclosure of mortgage on real estate; when widow not entitled to, as exempt.*—Hence, where a mortgage on real estate is foreclosed by sale after the death of the mortgagor, and a surplus, left after paying the mortgage debt, is paid to the administrator, the widow can not claim such surplus as personal property exempt to her under the statute.

APPEAL from Pike Probate Court.
Tried before Hon. W. J. HILLIARD.

J. D. GARDNER, for appellant, cited *Hunter, Adm'r v. Law, Adm'r*, 68 Ala. 365; Code, 1876, § 2841; *Strouse v. Becker*, 44 Penn. St. 209.

GRIFFIN & WOOD, *contra.*—(No brief came to the hands of the reporter.)

STONE, J.—During the lifetime of T. J. Smith, he and his wife, C. E. Smith, executed a mortgage on real estate to secure the payment of a debt.   The mortgage contained a power of sale.   T. J. Smith died, leaving the debt unpaid, and Beard became his administrator.   In addition to the premises mortgaged, Smith had a homestead, which was claimed and allowed to the widow, as exempt from administration.   She also asserted her claim to one thousand dollars worth of personal property under the statute.   The entire personal assets were, in value, only a little over four hundred dollars, and it was all appraised and turned over to her, leaving her short in her claim of personal property over five hundred dollars.   The mortgage debt not being paid, the land was sold under the power of sale contained in the mortgage, yielded a sum sufficient to pay the debt, and left a surplus of some three hundred and ten dollars.   That sum was paid to the administrator, and thereupon the widow asserted her claim to it, to make good, *pro tanto,* the deficiency of per-

[Beard, adm'r, v. Smith.]

sonal property, to make up the thousand dollars the statute exempts. The question is, whether that surplus is to be treated in this contention as real or personal property.

A mortgage is not an absolute conveyance of land. It is not a conversion of real into personal property. It is not, in its nature, the primary or leading transaction. It is accessorial. While, at law, it, to some extent, and between the parties, is treated as a conveyance of the legal title, it is, at last, but a security for the debt; for there can be no mortgage without a debt or duty to be secured by it. It is not even a sale of the mortgage interest; for as between the heir and personal representative, the latter may be made to redeem the mortgaged property, if he have personal assets sufficient to pay that and the other debts of the estate, and there are no prior liens upon it—unless such payment would defeat or impair testamentary disposition of the personalty. 2 Williams on Ex'rs, 1444. A mortgage is what its name imports; a gage, or pledge of the thing mortgaged that the mortgagor will pay the specified debt, or perform the specified duty, as the case may be.—1 Jones on Mort. § 16 and note.

A mortgage may, by foreclosure, become a sale and conveyance; and this not only devests the property of the mortgagor, but, when the foreclosure is by sale, it amounts to a conversion of the mortgage interest into personalty. But it extends no further than the mortgage interest. The equity of redemption remains realty, until foreclosure by sale, and if there be a surplus after paying the mortgage debt, that surplus has all the properties of realty, in all that pertains to descent and devolution. "The proceeds of the sale, after satisfying the mortgage debt, may be said, in general, to stand in the place of the equity of redemption to those who had title or right in that. . . If he [the mortgagor] has died and his heirs are made parties to the suit, the surplus goes to them."—2 Jones on Mort. § 1687; 2 Scrib. on Dower, 607; *Williamson v. Mason*, 23 Ala. 488; *Chaney v. Chaney*, 38 Ala. 35.

The surplus left after the sale did not become pesonalty for purposes of distribution or exemption, but retained the quality it had before the sale; that of an equity of redemption in land. It could not be used to supplement the deficiency in the personal property exempt.

Reversed, and the petition of the widow dismissed at her costs in the court below and in this court.