AUGUSTA KREYLING et al., Appellants, v. M. B. O'REILLY et al., Defendants; BENJAMIN HORTON et al., Respondents.

**St. Louis Court of Appeals, December 23, 1902.**

1. **Mortgage and Deed of Trust: SURPLUS MONEY ARISING FROM SALE, DISPOSITION OF: RULES OF LAW.** Surplus money realized by the sale of land under a mortgage or deed of trust is treated as realty and not as personalty, in respect to the rules of law governing its disposition. It remains real estate in the hands of the mortgagee or trustee to be disposed of according to the laws of real property.

2. ——: ——: ——: ——. Where a person dies seized of real estate incumbered by mortgage, and the mortgage is thereafter foreclosed, the surplus is regarded as realty and goes to the heirs of the decedent instead of his personal representatives.

3. **Statute of Limitations: STATUTORY CONSTRUCTION.** The construction of section 4277, Revised Statutes 1899, is that the limitation therein contained applies as well to suits to enforce a mortgage or deed of trust by proceeding against the proceeds of the mortgaged land, as to those which proceed against the land itself.

4. ——: ——: CONSTRUCTION OF CONSTITUTION. Section 4277, Revised Statutes 1899, is constitutional and does not impair the obligation of contracts.

5. ——: ——: RETROSPECTIVE ACT: RIGHT: REMEDY. And section 4277, Revised Statutes 1899, is not retrospective; it was designed to affect securities given before it was adopted but it only affects the remedy and not the right.

6. ——: ——: ——: CONSTRUCTION OF CONSTITUTION. Section 15, article 2, Constitution of Missouri, does not mean that no statute relating to past transactions can not be passed, but merely

that none, can be passed which tells on such transactions to the substantial prejudice of the parties interested.

7. Jurisdiction of Courts of Appeal: PRACTICE, TRIAL: PRACTICE, APPELLATE. In order to oust the Courts of Appeals of Missouri of jurisdiction on a constitutional question, the question must be in the trial court and the benefit of some constitutional provision denied to the party who claims it.

8. Practice, Appellate: AMENDMENT OF ABSTRACT OF RECORD. An abstract of the record filed in the Court of Appeals may be amended on the authority of the Supreme Court in Lane v. Railway, 132 Mo. 4.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

REVERSED AND REMANDED *(with directions).*

*T. D. Cannon* and *E. T. Farish* for appellants.

(1) The certified copy of the deed of trust of date April 23, 1877, on which the respondents' claim is predicated, was not properly admitted in evidence, because the acknowledgment thereof was not in accordance with the statute in force when the acknowledgment was taken. Garner v. Barry, 28 Mo. 438; Calloway v. Fash, 50 Mo. 420; Patterson v. Fagan, 38 Mo. 70; Hoskins v. Atkins, 77 Mo. 539; Hunt v. Selleck, 118. Mo. 588. (2) Under sections 4276, 4277, Revised Statutes 1899, the respondents' right to foreclosure of the deed of trust dated April 23, 1877, was barred two years after the passage of the act: i. e., 1893. Or, if the statute of limitations is assumed not to have run in favor of the estate between the death of David Kreyling and the appointment of his administrator, then, two years from June 8, 1898: i. e., on June 8, 1900. And no claim to the fund in question can be predicated upon said deed of trust after that date. McLean v. Thorp, 4 Mo. 257; Stevens v. Bank, 43 Mo. 385; Cranor v. School District, 81 Mo. App. 153; Cranor v. School District, 151 Mo. 119. The death of Holthaus, trustee, in

no way affected the situation. White v. Stephens, 77 Mo. 452; Schanewerk v. Hobercht, 117 Mo. 22. (3) The note for $1,189.95, due April 26, 1878, was barred by limitation April 26, 1888 (ten years), and the deed of trust, purporting to secure the same, was presumed to be satisfied after the lapse of twenty years, i. e., 1898. Smith v. Benton, 15 Mo. 372; Marian v. Detchmundy, 18 Mo. 522; Carr v. Dings, 54 Mo. 95; Cape Girardeau Co. v. Harbison, 58 Mo. 90; Wilson v. Albert, 89 Mo. 537; Wilson v. Mitchell, 112 Mo. 300. (4) The respondents were guilty of such laches as barred their claim and precluded recovery. Smith v. Clark, Ambler R. 645; State ex rel. v. West, 68 Mo. 229; Kline v. Vogel, 90 Mo. 239; Kreoning v. Goehri, 112 Mo. 648.

*James E. Withrow* for respondents.

(1) It does not appear from plaintiffs' printed abstract, or from the record, that the bill of exceptions was filed in the circuit court in due time, or that it was ever filed in that court; therefore, this honorable court has no jurisdiction, except to dismiss plaintiff's appeal. R. S. 1899, sec. 813; Butler Co. v. Graddy, 152 Mo. 441; Bates Administrator v. Realty Co., 88 Mo. App. 550; Bondurant v. Ins. Co., 73 Mo. App. 447. (2) The certified copy of the deed of trust made by David Kreyling and his wife Augusta, to B. Horton & Co.'s trustee, of date April 23, 1877, was properly admitted in evidence. Even though the acknowledgment should be found to contain a slight clerical error, only purchasers for value can take advantage of it. The plaintiff, Augusta Kreyling, was one of the parties to this deed. The other plaintiffs are the children of David and Augusta Kreyling, and therefore are not purchasers for value. Mastin v. Hailey, 61 Mo. 196; Bishop v. Schneider, 46 Mo. 472. (3) As between the parties to this suit it would be perfectly good without any acknowledgment. Hannah v. Davis, 112 Mo. 599; Bennett v. Shipley, 82 Mo. 448. (4) Even if the Kreyling note is held to be barred by the statute of limitations, under

the facts shown in evidence the deed of trust was in full force at the institution of this suit, and will not be presumed to be satisfied. The possession of plaintiff's ancestor having been in its inception friendly, it can not be converted into one of hostility by a mere mental intention; some notice or act indicative of an intent to hold adversely must be brought home to those not in privity with. them. Comstock v. Eastwood, 108 Mo. 41. (5) The statute of limitations did not run in favor of David Kreyling's estate, or his heirs, during the time there was no administration upon his estate. Little v. Reid, 75 Mo. App. 266; Woerner's American Law of Administration, sec. 401. (6) In order to charge the respondents with laches it must appear that the plaintiffs have been injured by the delay. Lindell Real Estate Co. v. Lindell, 142 Mo. 61.

GOODE, J.—On July 13, 1876, David Kreyling and Augusta Kreyling, his wife, executed a deed of trust to M. B. O'Reilly, trustee, to secure a note therein described. Under the power of sale contained in that deed, O'Reilly, the trustee, sold the property on October 18, 1901. After paying the indebtedness secured by the instrument and expenses of the sale, a surplus of $1,626.55 remained in his hands. This surplus is claimed by the plaintiffs as the widow and heirs of Kreyling, and is also claimed by the defendants Benjamin and William Horton as the beneficiaries of a junior deed of trust executed by said Kreyling and wife on April 23, 1877. After the sale, Augusta Kreyling and her children instituted suit against O'Reilly for said surplus, and as the present defendants were asserting their claim thereto, O'Reilly appeared and filed a bill of interpleader in which he stated he did not know and could not determine without hazard to himself to whom the surplus belonged, and set out facts respecting the foundation of the two hostile claims. Thereupon he was discharged and the plaintiffs and defendants ordered to interplead, which they did, their pleadings

showing that their claims are based on the facts above stated.

Against the claim of the defendants Horton, the plaintiffs pleaded several statutes of limitations; the presumption that the debt secured by the Horton deed of trust was paid, more than twenty years having elapsed before they sought to collect it; that defendants' deed of trust shows on its face that it was never acknowledged by Augusta Kreyling in the manner required by the law as it existed when said deed was executed, and that hence her right to the surplus proceeds is superior to defendants' lien.

The note given by Kreyling to the Hortons and secured by their deed of trust was undoubtedly long since barred by the statutes of limitations.

None of the defenses succeeded, but the court below gave judgment in favor of the respondents for the money which the interpleader had paid into court.

We think the defendants' case was barred by the special limitation statutes, first enacted in 1891, in regard to the enforcement of mortgages and deeds of trust after the obligations they were given to secure are barred by the statute of limitations.

Those two statutes are as follows:

"No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust executed hereafter to secure any obligation to pay money or property shall be had or maintained after such obligation has been barred by the statutes of limitations of this State."

"Nor shall any such suit be had or maintained to foreclose any such mortgage or deed of trust heretofore executed to secure any such obligation after the expiration of two years after the passage of this act." R. S. 1899, secs. 4276, 4277.

The first of the above sections has no application to the present case because the defendants' deed of trust was executed prior to its enactment and by its terms it only affects securities subsequently executed. It is

quoted because it throws light on the next section, which we think controls the decision of this case.

To avoid the bar of the second section, defendants' counsel contends that this suit is not one to foreclose a mortgage or deed of trust as contemplated therein, and hence is not within the intention of the law. Strict foreclosure suits, wherein the mortgagor was given a fixed time in which to discharge his debt on pain of losing his equity of redemption, are obsolete in this State, suits for the sale of mortgaged property under judicial decree and the application of its proceeds to the discharge of the debt secured, having taken their place. We are of the opinion that this action is one of the latter kind and within the spirit of said section if not within its letter.

The defendants as beneficiaries of the second deed of trust, acquired the right of Kreyling, the grantor, to the surplus proceeds arising from the sale of the land under the first deed of trust and are entitled to enforce the lien of their security against said surplus, as far, but no further, than they would be entitled to enforce it against the land itself. In fact, the surplus money realized by the sale of land under a mortgage or deed of trust is treated as realty and not as personalty in respect to the rules of law governing its disposition. It remains real estate in the hands of the mortgagee or trustee to be disposed of according to the law of real property. Moses v. Murgatroyd, 1 Johns. Ch. (N. Y.) 119; Fagin v. Loan Assn., 55 Minn. 437; Dunning v. Ocean Nat'l Bank, 61 N. Y. 497; Beard v. Smith, 71 Ala. 568; Trust Co. v. Url, 110 U. S. 718.

Where a person dies seized of real estate incumbered by a mortgage, as Kreyling did, and the mortgage is thereafter foreclosed, the surplus is regarded as realty and goes to the heirs of the decedent instead of to his personal representatives. Wiltsie on Mortgage Foreclosures, sec. 704; Kinner v. Walsh, 44 Mo. 69, and other cases cited supra.

If there had been no sale under the first mortgage,

it is plain an action could not have been maintained to foreclose the Horton mortgage, because such an action would have been within the very terms of the limitation created by section 4277. It would be a narrow and inconsistent construction of the law to hold that, while it bars an equitable suit against the land itself after the debt secured is barred, such a suit, nevertheless, may be maintained against the proceeds of the land if it happens to be sold. In either case, the thing sought to be done is the same, namely; to collect the debt secured by the enforcement of the security.

It is unnecessary for us to consider in this case the purpose of the Legislature in so phrasing section 4277 that, instead of reading "no suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust" etc., as does section 4276, the words "action or proceeding" are omitted; or to determine whether section 4277 would bar the sale of mortgaged property under a power given in that instrument. That said section bars the present proceeding, we consider clear.

Defendants' counsel argues that section 4298, Revised Statutes 1899, when read in connection with section 4277, compels a construction by which the application of the latter section will be limited to suits of foreclosure, and actions like this one be limited only by the statutes limiting the recovery of real estate; which statute requires an adverse possession for ten years to bring its bar into operation, and no adverse possession of the land covered by the defendants' deed of trust was shown by plaintiffs.

Section 4298 is as follows:

"The provisions of this chapter shall not apply to any action commenced, nor any cases where the right of action or entry shall have accrued before the time when this chapter takes effect, but shall remain subject to the laws then in force."

Just what the effect of that section is we will not endeavor to determine as we think it unnecessary to do so in the present case. It has been held to leave a cause of action subject to any limitation law in force

when it (said section 4298) was first adopted, even though the right of action had accrued before such limitation law was adopted; thus making the words "then in force" refer to the date of the enactment of said section and not to the date of the accrual of the right. Billion v. Walsh, 46 Mo. 492; Gilker v. Brown, 47 Mo. 105; School Directors v. Georges, 50 Mo. 194.

The section in question had been on our statute books many years before section 4277 was passed, and if the latter, when reasonably interpreted, is repugnant to the former (we do not say it is) the more recent enactment is the governing law: and this rule of construction is not altered because both sections were incorporated in the Revised Statutes. Paul v. Brown, 98 Mo. 675; State ex rel. v. Heidorn, 74 Mo. 410; State v. Clarke, 54 Mo. 17; Roth v. Gabbert, 123 Mo. 20. We have ruled that the reasonable interpretation of section 4277 is that the limitation therein contained applies as well to suits to enforce a mortgage or deed of trust by proceeding against the proceeds of the mortgaged land, as to those which proceed against the land itself, and hence must rule that section 4298 has no bearing on the case.

The constitutionality of section 4277 is assailed by defendant's counsel, who argues that it reduces the time within which mortgages executed before its passage could be foreclosed after the debts secured by them are barred and thereby impairs the obligation of contracts; that prior to its passage the law was that mortgages might be foreclosed, notwithstanding the debts were barred, at any time until there had been a possession by the mortgagor or those claiming under him, adverse to the mortgagee for ten years; that said rule of law became a part of the contract between Kreyling and the Hortons and in so far as the Act of 1891 alters the rule, the act is void.

Two years were allowed by the act within which deeds of trust and mortgages previously executed might be enforced by suit. That was a reasonable time and puts the act outside of the constitutional inhibition

against the enactment of State laws which impair the obligation of contracts. Terry v. Anderson, 95 U. S. 628; Koshkonong v. Burton, 104 U. S. 668; State ex rel. v. Hager, 91 Mo. 452.

Another argument made in opposition to the validity of section 4277 is, that it is retrospective in effect. So it is in a sense, but not in the technical sense which invalidates laws or restricts their operation to future affairs. That statute, of course, affects securities given before it was adopted and was designed to do so; but it only affects the remedy and not the right. It deprived no security-holder of a vested estate or interest. All deeds of trust and mortgages remained as valid as before, and those previously given, whether the debts they secured were barred or not, were still enforcible and so continued during two years. Our bill of rights prohibits the enactment of laws retrospective in their operation. Const. of Missouri, art. 2, sec. 15. This does not mean that no statute relating to past transactions can be constitutionally passed; but merely that none can be passed which tells on such transactions to the substantial prejudice of the parties interested. Society v. Wheeler, 2 Gall. 105; Leete v. Bank, 115 Mo. 184. The agreement in regard to the retrospective character of the section but brings forward in another guise the point that it impairs the obligation of contracts; but as said, the law deals with the remedy, not the obligation.

We can not dispose of the appeal without deciding these constitutional questions and our jurisdiction is unaffected by them; because the record does not show defendants raised them below, though their brief states they did. But that is not enough to oust the jurisdiction of this court. Lang v. Calloway, 134 Mo. 491. To do that a constitutional question must be raised in the trial court and the benefit of some constitutional provision denied to the party who claims it. Parlin & Orendorff Co. v. Hord, 145 Mo. 117. We do not see how the question can always be shown by the record to have been thus raised and decided, nor how it can be

done in this case. The defendants had no reason to make the constitutional point by a declaration of law, as this is an equity cause; they succeeded in the trial court on other grounds and, therefore, had no cause to raise it by motion for a new trial. But as our jurisdiction is not challenged, and as by the decisions cited we seem to have jurisdiction, we have retained the case.

We granted permission to the plaintiffs to amend their abstract of the record by authority of the ruling of the Supreme Court in Lane v. Railway, 132 Mo. 4.

We know of no principle on which the defendants are entitled to recover and the judgment in their favor is therefore reversed and the cause remanded with the direction to the circuit court to enter judgment for the plaintiffs for the surplus proceeds of the sale. *Bland, P. J.,* and *Barclay, J.,* concur.