<hr/>

### In re M. DEWING CO.

### In re GLADDING.

#### (District Court, D. Rhode Island. July 13, 1917.)

#### No. 1389.

MORTGAGES ⬳567(1)—LANDS OF DIFFERENT OWNERS—DIVISION OF SURPLUS ARISING FROM FORECLOSURE SALE.

 Where a mortgage covered two tracts of land, one of which was afterward acquired by bankrupt subject to the incumbrance thereon, the surplus arising from a foreclosure sale of both tracts should be divided pro rata, according to the respective values of the two tracts, between the estate and the owner of the other tract.

In Bankruptcy. In the matter of the M. Dewing Company, bankrupt. On petition of George D. Gladding, executor of the will of Ardelia C. Dewing, deceased. Decree for petitioner in part.

J. Jerome Hahn, of Providence, R. I., for petitioning creditors.

Harold Remington, of New York City, for Investors' Agency.

Harold Remington, of New York City, and Mumford, Huddy & Emerson, of Providence, R. I., for Frank H. Main.

Charles W. Littlefield, of Providence, R. I., for executor of the estate of Ardelia C. Dewing.

William B. Greenough, of Providence, R. I., for petitioning executor.

Richard B. Comstock and Comstock & Canning, all of Providence, R. I., for receivers.

BROWN, District Judge. This petition raises the question of rights in a fund of $5,696.18, paid into the registry of the court as the surplus resulting from a sale, pursuant to a stipulation on file, by the Citizens' Savings Bank, mortgagee, named in a mortgage deed made by Ardelia C. Dewing in her lifetime, covering land then owned by her on Dartmouth avenue, and also a certain wharf property on South Water street, in the city of Providence. Subsequently the South Water street property was conveyed to the M. Dewing Company, the bankrupt, by an unrecorded deed, which has not been found or produced.

At the mortgagee's sale the South Water street property brought $7,000, and the Dartmouth avenue property $13,000. The mortgage on both tracts was originally $12,000, with accrued interest, expenses,

and taxes, amounting, at the time of the sale, to $14,303.82, leaving the surplus above stated.

The executor claims the whole of this fund, on the ground that the M. Dewing Company agreed to assume and pay certain outstanding mortgages, including the mortgage above described, and thus relieve the Dartmouth avenue property of its incumbrance.

I find the evidence wholly insufficient to establish such an agreement. Nothing in the documentary evidence, or in the testimony, as to the terms of the lost deed, tends to show this. There is no evidence that the Dartmouth avenue property had any connection with the business of the M. Dewing Company, and it is highly improbable, under all the circumstances, that the M. Dewing Company, as purchaser of the dock property on South Water street, would have agreed to lift the incumbrance from the Dartmouth avenue property. The oral evidence given or offered on this topic could not be regarded as sufficient to prove anything more than that the M. Dewing Company took the wharf property subject to the existing incumbrances.

The argument that the expression, "The entire properties now owned and used by the said Ardelia C. Dewing in the oyster business, together with the incumbrances thereon," indicates an agreement to relieve the Dartmouth avenue property of the incumbrance, is manifestly unsound, in that the only property there referred to is the wharf property. There is not the slightest evidence that the Dartmouth avenue property was ever used in the oyster business.

I find as a fact that the M. Dewing Company took title to the wharf property subject to existing incumbrances, but did not assume or agree to pay any incumbrance on either tract.

The effect of a conveyance thus subject to mortgage is stated in 27 Cyc. as follows:

Page 1342: "Where a conveyance of land is made expressly subject to an existing mortgage, the effect, as between the grantor and the grantee, is to charge the incumbrance primarily on the land, so as to prevent the purchaser from claiming reimbursement or satisfaction from his vendor in case he loses the land by foreclosure or is compelled to pay the mortgage to save a foreclosure; in reality it amounts simply to a conveyance of the equity of redemption."

Page 1343: "The effect * * * is to make the land the primary fund for the satisfaction of the incumbrance."

Page 1344: "The contract being one of indemnity and the land being the primary fund for the payment of the mortgage, if the grantor is compelled to pay it, he may require an assignment of the mortgage to himself, or he will be regarded as an equitable assignee so as to be subrogated to the rights of the mortgagee, and so will be enabled to use the mortgage to force reimbursement from his grantee."

According to this statement of the law there arises no equity of the M. Dewing Company to require its grantor to relieve it from a proportional share of the incumbrance charged primarily on the land. This rule seems to be recognized by the Supreme Court of Rhode Island. In Fenner v. Tucker, 6 R. I. 551, 554, it is said:

"Where there are two distinct parcels of a tract of land, of which two persons are severally seised, the whole tract being under mortgage to a third party, the one entitled to either tract has a right to redeem the mortgage, and to take an assignment and hold the land until the other pays his share. The

land is charged with a burden, of which each part ought to bear no more than its due proportion. 1 Powell on Mortgages, 261–316, and cases cited."

Applying this rule, the surplus fund should be divided pro rata according to the respective values of the two tracts of land; i. e., seven-twentieths to the trustees and thirteen-twentieths to the executor, subject, however, to correction and adjustment of any special charges peculiar to either tract.

A draft decree may be presented accordingly.