**TRENTON MOTOR COMPANY, a corporation (Plaintiff), Appellant,**

v.

**J. Fred WATKINS and Lucille Watkins (Defendants),**

Roscoe E. Moulthrop, Administrator of the Estate of Minnie E. Watkins, deceased (Intervenor), Respondent.

No. 22382.

Kansas City Court of Appeals.

Missouri.

June 8, 1956.

Herbert S. Brown, Trenton, Alvin B. Walker, Princeton, for appellant.

J. Morgan Donelson, Princeton, for respondent.

BOUR, Commissioner.

This case involves a dispute as to the proper disposition of the surplus proceeds arising from a foreclosure sale under a first deed of trust covering certain improved real estate located in Princeton, Mercer county, Missouri, and hereinafter referred to as the town property. The cause was tried to the court without a jury.

The evidence shows that on June 6, 1951, Minnie E. Watkins, a widow, was the owner of the town property mentioned above. On that date she executed a first deed of trust covering said town property, naming the sheriff of Mercer county as trustee, to secure the payment of her note of the same date, whereby she promised to pay Fred A. Lambert on order, one year after date, the sum of $500, together with interest at the rate of 8 per cent per annum. The deed of trust was duly recorded on June 7, 1951. It provided as follows, regarding the disposition of the proceeds of a foreclosure sale by the trustee: " * * * and such trustee shall, out of the proceeds of said sale, pay, first, the costs and expenses of executing this trust, including legal compensation of the trustee for his services; and next, he shall apply the proceeds remaining over to the payment of said debt and interest or so much thereof as remains unpaid, and the remainder, if any, shall be paid to the said party of the first part or her legal representative."

Minnie E. Watkins died intestate on December 10, 1953, leaving her son, J. Fred Watkins, as her only heir. At the time of her death she owned the town property, subject to the last-mentioned deed of trust securing her note for $500. That note became due on June 6, 1952, but it was not paid. J. Fred Watkins did not apply for letters of administration on the estate of his mother, and no administrator was appointed until March 5, 1955.

On February 16, 1954, J. Fred Watkins and his wife, Lucille, executed and delivered to the plaintiff herein, Trenton Motor Company, their note for $688, payable one year after date, with interest at the rate of 6 per cent per annum, and providing for an attorney's fee of 10 per cent of the amount due if placed in the hands of an attorney for collection; and on the same day they

executed and delivered to plaintiff a second deed of trust covering the town property, to secure the payment of the note for $688. The deed of trust was duly recorded on February 16, 1954. It contained the following recital: "This deed is made subject to encumbrance of record." The note and deed of trust were given as security for a pre-existing debt incurred by J. Fred Watkins in 1952 and before the death of his mother, Minnie E. Watkins. Mark F. Hogan, secretary and treasurer of the plaintiff company, testified that before the plaintiff accepted the note and deed of trust, he checked the land records of Mercer county, and found that "there was another mortgage on the property". At the time of the trial, June 14, 1955, plaintiff was still the holder and owner of the note for $688, and the whole amount thereof together with interest from February 16, 1954, remained due and unpaid.

On July 27, 1954, a citation was issued to J. Fred Watkins by the probate court of Mercer county, on motion of Aliber & Company, to appear before the probate judge of said county on August 16, 1954, and apply for letters of administration on the estate of Minnie E. Watkins, deceased. As we understand the record, which leaves much to be desired, the citation was not served on J. Fred Watkins because he had "absconded". As stated, he did not apply for letters of administration on his mother's estate.

On January 7, 1955, Clay George (sheriff of Mercer county), trustee, exercising the power of sale conferred by the first deed of trust on the town property, sold that property at public sale for $1150. After the amount due on the note secured by the first deed of trust and the expenses of the foreclosure were paid, there remained in the hands of the trustee a surplus of $467.21.

Immediately following the sale under the first deed of trust, and on the same day, January 7, 1955, the plaintiff, Trenton Motor Company, brought an attachment suit against J. Fred Watkins and his wife, Lucille, to recover the amount due on their note for $688, the payment of which had been secured by the second deed of trust

on the town property. A writ of attachment was served by the coroner upon Clay George, trustee, which attached all of the right, title and interest of the defendants in and to the surplus proceeds of the foreclosure sale then in the hands of the trustee. Defendants were served by publication. They did not appear in the action.

On March 5, 1955, Roscoe E. Moulthrop was appointed administrator of the estate of Minnie E. Watkins by the probate court of Mercer county. On the same date the demand of Aliber & Company, founded on a note, was allowed against that estate in the sum of $373.34; and on April 4, 1955, the demand of Dr. J. M. Perry, based on an account, was allowed against the same estate in the sum of $25.50. At the time of the trial, these demands had not been paid. It appears from the inventory and appraisement, filed March 9, 1955, that Mrs. Watkins left no personal property; that at the time of her death she owned a 30-acre farm situated in Mercer county, "subject to two deeds of trust as follows: Dated Dec. 15, 1950, in the sum of $1500, to the Pyramid Life Insurance Co., and a deed of trust dated Oct. 3, 1953, for $702, to Noel Moss . . . Appraised Value is $1000"; and that at the time of her death she owned the town property heretofore mentioned, "subject to deed of trust dated June 6, 1951, for $500. . . . Appraised Value is $450". As we have seen, the last-mentioned deed of trust was foreclosed after the death of Mrs. Watkins and before Mr. Moulthrop was appointed administrator of her estate. It is admitted that the probate court of Mercer county never made an order of any kind pertaining to the town property or to the surplus proceeds of the foreclosure sale under the first deed of trust on the town property.

Upon application, Mr. Moulthrop, as administrator of the estate in question, was permitted to intervene in the instant attachment action, and on May 9, 1955, he filed his "First Amended Intervening Petition". Defendant filed an answer to this petition or interplea.

At the close of all the evidence, the court upon request of plaintiff, filed an opinion which contains certain findings of fact and conclusions of law. The court found the issues for plaintiff, and a judgment was entered which reads in part as follows: "It is therefore ordered and adjudged by the court that plaintiff have and recover from defendants herein the sum of $688, and plaintiff is hereby declared to have a first lien on the sum of $467.21 now in the hands of Clay George, Sheriff of Mercer County, Missouri, * * * and the Sheriff of Mercer County, Missouri is hereby ordered and directed to deliver over to plaintiff said sum of money. And on the issues raised between intervenor and plaintiff, as to their respective rights to the surplus money now in the hands of the Sheriff of Mercer County, * * * the court finds the issues for plaintiff and against intervenor, and accordingly, it is further ordered and adjudged that intervenor take nothing by his intervening petition and the same is hereby dismissed * * *."

The intervenor-administrator filed a motion for a new trial which was sustained on the following grounds: (1) that the court erred in finding, under the law and the evidence, that the administrator of said estate had no right to recover the surplus proceeds in the hands of the trustee, for the benefit of the estate, because he "never obtained any order or authority from the probate court of Mercer county, Missouri, to recover possession of the land (the town property) or to redeem same or to recover possession or control of said surplus money"; (2) that the court erred in finding that the town property was the homestead of Minnie E. Watkins, and that "the surplus proceeds from the sale of the real estate in question was exempt as a homestead of the deceased".

Referring to the first ground on which the court granted a new trial, plaintiff contends that where a person dies seized of real estate encumbered by a deed of trust and the deed of trust is thereafter foreclosed, the surplus derived from the sale is regarded as real estate and goes to the heirs; that in the instant case the lien of the second deed of trust followed and attached to the surplus derived from the foreclosure sale under the first deed of trust; that an administrator is prohibited by statute, Section 462.280, "from controlling in any manner the real estate of the deceased until he first obtains an order of the probate court authorizing him to take charge of and control said property, or to redeem it, pursuant to Section 462.360"; that "since respondent never obtained any order or authorization from the probate court of Mercer county, Missouri, authorizing him to take charge of or redeem the real estate described in the deed of trust given by Minnie E. Watkins in her lifetime, or to redeem or take charge of the surplus money derived from the sale of said real estate, respondent is not entitled to such surplus money." All statutory references herein are to RSMo 1949, V.A.M.S. This case was tried before the Probate Code of 1955 became effective.

In Jones v. Sheppard, 145 Mo.App. 470, 479, 122 S.W. 764, 767, the court quoted with approval from Jones on Mortgages, 6 Ed., Vol. 2, Sec. 1927, as follows: "Ordinarily how a trustee who sells property under a deed of trust shall dispose of the proceeds, must be ascertained from the directions of the instrument, provided these are not in conflict with the law." See also Willis Lucas Lumber Co. v. Neal, 222 Mo. App. 728, 4 S.W.2d 1098. It has been held that, where a person dies seized of real estate encumbered by a deed of trust which provides that the surplus proceeds of a foreclosure sale shall be paid to the grantor or his personal representative and subsequent to the grantor's death the deed of trust is foreclosed, the surplus remaining in the hands of the trustee, after the payment of the secured debt and expenses, should be paid to the grantor's personal representative. Lolordo v. Lacy, 337 Mo. 1097, 88 S.W.2d 353, 357, a statutory proceeding to discover assets instituted by plaintiff, as administrator of the estate of his deceased brother, Vincenzo Lolordo, against defendant Lacy, who had sold certain real estate

belonging to the estate, as trustee under two first deeds of trust, and had failed to account for the surplus proceeds of the foreclosure sales. The failure of the trustee, Lacy, to turn over to the personal representative of the grantor the surplus remaining after paying the debts and expenses of the sales was one of the causes for the trustee's disbarment as an attorney in Re Lacy, 234 Mo.App. 71, 83, 112 S.W.2d 594, 601, where the court said:

> "Under the provisions of the deeds of trust, the respondent was required to sell the real estate at 3220 and 3103 Washington avenue, and, after such sale, use such of the proceeds as were necessary in paying off and discharging the costs and expenses of the sale, and the debts secured by the deed of trust, and turn the balance over to Vincenzo Lolordo, or his legal representatives. Price v. Blankenship, 144 Mo. 203, 45 S.W. 1123; Jones v. Sheppard, 145 Mo.App. 470, 122 S.W. 764; Wenzel v. O'Neal, Mo.Sup., 222 S.W. 392; Brown v. Bland, Mo.App., 229 S.W. 448.

> "At the time of the foreclosure of the deeds of trust in question, Vincenzo Lolordo was dead, and John Lolordo had been appointed and was then the acting administrator of the deceased. Under the provisions of the deeds of trust and under the law of this state, it was the duty of respondent, after paying the costs and the debts secured by the deeds of trust, to turn the balance over to John Lolordo, administrator. * * *"

See also Curtis v. Moore, 162 Mo. 442, 454, 63 S.W. 80. Cf. Kinner v. Walsh, 44 Mo. 65, 69; Arrowood v. Delaney's Estate, Mo.App., 295 S.W. 522, 524; Kreyling v. O'Reilly, 97 Mo.App. 384, 389, 71 S.W. 372.

██ It is of course clear that upon the death of a person, title to his real estate vests in his heirs or devisees as the case may be, subject to all liens and encumbrances which attached thereto during the lifetime of the ancestor. Except "for the case of an executor acting under power specifically conferred by a will, the personal representative acquires no interest in the real estate of the decedent, and may not lawfully take possession of or control the same unless upon the order of the probate court that it be rented or sold for the payment of debts, where it is shown that the personal estate is insufficient." In re Bartels' Estate, 238 Mo.App. 715, 187 S.W.2d 348, 350. The statutory authority, Sec. 462.-140, of executors and administrators does not extend to all actions involving the assets or property of the deceased. Actions for the possession of real estate of the decedent cannot be maintained by the executor or administrator except where such action is made necessary by order of the probate court directing the executor or administrator to take charge of the real estate. Hall v. Farmers' & Merchants' Bank, 145 Mo. 418, 46 S.W. 1000.

██ While an heir or devisee may sell or convey his interest in such real estate, that interest may be of no value, for, until the real estate is released from the custody of the law, it may be sold under order of the probate court to satisfy the claims of creditors. Armor v. Lewis, 252 Mo. 568, 161 S.W. 251. "Mortgagees, grantees, creditors and purchasers of an heir's interest in real estate or personal property take only such title as the heir had, and their claims are all subject to the rights of the creditors of the ancestors to have claims in the nature of liens first paid out of the decedent's property." Limbaugh, Missouri Practice, Probate Courts, Vol. 1, Sec. 627, p. 774; Ibid., Vol. 1, Sec. 626, pp. 771–773; Annotation 103 A.L.R. 1004. Thus, claims against the estate of a decedent, which are allowed in the probate court, have priority over a deed of trust executed by the heir to the land owned by the decedent. Lemmon v. Lincoln, 68 Mo. App. 76, 80.

██ As stated, the plaintiff herein contends that the administrator of the estate of Minnie E. Watkins had no right to recover the surplus proceeds of the foreclosure sale under the first deed of trust on the town property, because he was not au-

thorized, by order of the probate court "to take charge of or redeem the real estate described in the deed of trust", or "to redeem or take charge of the surplus money". It is obvious that the administrator was not attempting to take charge of or redeem the town property when he intervened in this attachment suit; and he certainly was not seeking "to redeem" the surplus money. Claims had been allowed against the estate, and Mrs. Watkins left no personal property. The administrator intervened in this action, claiming that the surplus proceeds should be paid to him for the benefit of creditors. This he had the authority to do without an order of the probate court. The first deed of trust on the town property was foreclosed after the death of the grantor. It provides that the surplus proceeds of a foreclosure sale "shall be paid to the said party of the first part", Minnie E. Watkins, "or her legal representative". Under the provisions of the trust deed and under the law of this state, the surplus, in the hands of the trustee should be paid to the administrator of the estate in question. Lolordo v. Lacy, supra; In re Lacy, supra.

▆ . Plaintiff contends, however, that the town property was the homestead of Minnie E. Watkins; that "her homestead passed to her son, J. Fred Watkins, upon her death, free of her debts not legally charged thereon in her lifetime", citing Section 513.500 RSMo 1949, V.A.M.S.; that the claims allowed against the estate of Mrs. Watkins "were not legally charged against her homestead in her lifetime" ; and, therefore, that the surplus arising from the foreclosure sale under the first deed of trust was "exempt from any claims of her creditors, or by the administrator of her estate, respondent herein, for the benefit of her creditors." There is no merit in plaintiff's contention. The evidence shows that Minnie E. Watkins, a widow, lived on the town property from 1941 until she died on December 10, 1953, and that she acquired the title to that property in 1948. However, the property was not her homestead during the time she owned it, for there was no evidence that she was a "housekeeper" or "head of a family" within the meaning of

Section 513.500 of the Homestead Act State v. Haney, Mo.Sup., 277 S.W.2d 632, 636. This being true, plaintiff's entire argument fails. This conclusion makes it unnecessary to discuss other questions raised by plaintiff's contention.

▆ . Plaintiff pleaded in its answer to the administrator's intervening petition that the administrator's "claim to said surplus money" was "barred by estoppel and laches". On appeal, plaintiff contends that "since the respondent delayed any administration on the estate of Minnie E. Watkins from the date of her death on December 10, 1953, until his appointment as administrator of her estate on May 5, 1955, the respondent, and indirectly, the creditors of Minnie E. Watkins, are barred from claiming the surplus money derived from the sale of the land mortgaged by deed of trust by Minnie E. Watkins in her lifetime by estoppel and laches, during which interval of time the rights of appellant, as an innocent third party, intervened" ; and that "the delay and negligence of respondent is apparent from the record in this case", citing nine cases. The facts in the cases cited bear no resemblance to the facts in the case at bar.

We find it difficult to follow plaintiff's contention and argument. To repeat, the record shows that Mrs. Watkins died intestate on December 10, 1953. Her son and only heir, J. Fred Watkins, did not apply for letters of administration on his mother's estate. On February 16, 1954, about two months after the death of Mrs. Watkins, J. Fred Watkins and his wife executed the second deed of trust described above. Roscoe E. Moulthrop was appointed administrator of Mrs. Watkins' estate on March 5, 1955, not on May 5, 1955, as stated in plaintiff's brief. There is nothing in the record to show that Mr. Moulthrop or any creditor of Mrs. Watkins "delayed" the appointment of an administrator. The record does not show the date on which the administrator's application to intervene in the attachment action was filed or granted. It does show, however, that on May 9, 1955, Mr. Moulthrop filed an amended interven-

ing petition. As we see it, there is no estoppel in the case, and the doctrine of laches has no application.

We conclude that the intervenor is entitled to recover the surplus proceeds in the hands of Clay George, trustee. Since the plaintiff cannot recover, the parties should be spared the trouble and expense of another trial. Therefore the order appealed from should be reversed and the cause remanded with directions to enter judgment for the intervenor. Section 512.160(3) RSMo 1949, V.A.M.S; Krueger v. Elder Mfg. Co., Mo.App., 260 S.W.2d 349, 353. The costs of this appeal should be assessed against the plaintiff (appellant).

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The order appealed from is reversed and the cause remanded with directions to enter judgment for the intervenor. The costs of this appeal are assessed against the plaintiff (appellant).

All concur.