H. Max HILFIKER, Plaintiff,

v.

Herb PREYER, Defendant-Respondent,

and

Shannon Russell and Glenda Jeanice Russell, his wife, Defendants,

and

Joseph W. Russell and Brenda K. Russell, his wife, Defendants-Appellants.

No. 13661.

Missouri Court of Appeals, Southern District, Division Three.

April 30, 1985.

James E. Spain, John R. Hopkins, Jr., Hyde, Purcell, Wilhoit, Spain, Edmundson and Merrell of Poplar Bluff, for defendant-respondent.

Andrew C. Bullard, Kennett, for defendants-appellants.

PREWITT, Chief Judge.

Two deeds of trust covering tracts owned by different persons secured the payment of a promissory note signed by all of the owners. At a foreclosure sale the tracts were sold separately and brought more than the balance due on the note and

expenses of sale. The issue here is who is entitled to the surplus.

Plaintiff was the trustee of two deeds of trust given to the Malden State Bank to secure the payment of a promissory note. All were dated the same day. The note, given in exchange for a loan, was signed by defendants Shannon Russell, Glenda Jeanice Russell, Joseph W. Russell and Brenda K. Russell. It was in the principal amount of One Hundred Eighty Thousand Dollars. One deed of trust, executed by Shannon Russell and Glenda Jeanice Russell, covered 80 acres. The grantors of the other deed of trust were appellants Joseph W. Russell and Brenda K. Russell. It covered 148.37 acres. A portion of the loan proceeds was used to purchase the 80-acre tract and the balance was used to pay a deed of trust on the 148.37-acre tract and other debts and "operating expenses" of appellants.

Because the note was not paid according to its terms, the deeds of trust were foreclosed. At the foreclosure sale the tracts were initially offered for sale jointly and then separately. More was offered separately, so they were sold that way. The 80-acre tract was sold first for $135,000 and the 148.37-acre tract then sold for $187,000. After paying the expenses of the sale and the balance due on the note, there was a surplus of $112,055.98.

Plaintiff filed a petition in the circuit court asking to pay the surplus into the court for it to determine who is entitled to receive it. The petition stated that respondent Preyer claimed $12,500 of the funds and that the defendants "all claim an interest in the $112,055.98, the merit and extent of which is unknown to the plaintiff". Plaintiff was allowed to pay that sum to the court and thereafter a nonjury trial was held.

In his pleadings and at trial respondent Preyer contended that he was entitled to $12,500 of the proceeds pursuant to a written assignment of that amount from the proceeds signed by Shannon Russell and Glenda Jeanice Russell, and because Joseph W. Russell had also orally agreed that he receive that amount. The assignment was given in payment for earth-moving work Preyer performed on the 80-acre tract.

There was evidence indicating that the Russells had been operating both tracts as a partnership and that both Shannon and Joe Russell had discussed the work with respondent and had directed him in doing it. Appellants denied that there was a partnership and that Joseph W. Russell had agreed to the payment. Appellants contend that the assignment was ineffectual as they were entitled to all the surplus. Defendants Shannon Russell and Glenda Jeanice Russell did not appear at the trial.

Appellants claimed that they signed the note and deeds of trust "as a favor and courtesy to Shannon Russell and Glenda Jeanice Russell." The trial court did not have to believe their evidence on that contention, and apparently did not do so. No findings of fact were requested or made so we presume that the trial court found the facts in accordance with the result reached. Rule 73.01(a)(2).

The judgment recited "that the work done by said Defendant Herb Preyer significantly increased the sale value of the property sold under foreclosure, thereby significantly contributing to the funds interpleaded in this court." It ordered that Preyer receive $12,500 of the surplus and that the balance after plaintiff's attorney's fee and costs be paid to appellants. Appellants contend that as the surplus was generated from the sale of their land and that under the deed of trust they were to receive that surplus, the trial court erroneously awarded respondent $12,500 from it.

■ Unless in conflict with the law, ordinarily disposition of the proceeds of a foreclosure sale are ascertained from the directions of the deed of trust. *Trenton Motor Co. v. Watkins*, 291 S.W.2d 659, 662 (Mo.App.1956). The provisions of the deeds of trust do not cover this situation.

■ Both deeds of trust provided that upon a foreclosure sale the trustee "out of the proceeds of sale shall pay, (1) the costs

of sale including reasonable attorney's fee if an attorney be employed, (2) the moneys if any paid out by Third Party [Malden State Bank] or assigns as herein authorized, (3) the unpaid indebtedness with interest to the date of sale, and (4) the balance to the First Parties [grantors], their heirs or assigns".

At the time of the sale the unpaid indebtedness would have taken more than the sale proceeds of one tract, but not all of both. Because the 80-acre tract was sold a few minutes before the other tract, the debt was not reduced by the first sale. The debt was not paid until after both tracts were sold and payment for both collected.

Although defendants Shannon Russell and Glenda Jeanice Russell did not appear at trial and attempt to receive any of the surplus, that is not a bar to respondent. He stands in their stead to the extent of his assignment. *Stewart v. Kane*, 111 S.W.2d 971, 975 (Mo.App.1938). See also *State ex rel. Shaul v. Jones*, 335 S.W.2d 468, 474 (Mo.App.1960). If Shannon Russell and Glenda Jeanice Russell were entitled to at least $12,500 of the surplus, then respondent was properly awarded that amount. Neither party has cited us to a case covering this situation and we have found no Missouri cases that are helpful.

We believe the distribution of the surplus should not turn here on which tract the trustee decides to sell first, but upon other criteria. Which is sold first might be determined by chance or the whim of the trustee. It would be unfair to base it on the order of sale absent some circumstances that might call for the burden of payment to primarily fall on one owner.

Barring such circumstances, see *Weyant v. Murphy*, 78 Cal. 278, 20 P. 568 (1889); *Champlain Valley Federal Savings and Loan Ass'n v. Ladue*, 35 A.D.2d 888, 316 N.Y.S.2d 19 (1970); 3 Jones on Mortgages § 1630 (7th ed. 1915), which the trial court was not required to find here, the equitable way to divide the surplus is proportionate to the amount generated by each tract at the sale. This was the method used to divide the surplus where a mortgage covered two separately owned tracts. See *In re M. Dewing Co.*, 248 F. 605 (D.R.I.1917). See also 3 Wiltsie, Mortgage Foreclosure § 1016, p. 1605 (5th ed. 1939).

Dividing the surplus in accordance with the amount generated by the separate tracts, appellants would receive 58% of the surplus, or $64,992.47. Defendants Shannon Russell and Glenda Jeanice Russell would receive 42% or $47,063.52. That is sufficient to satisfy respondent's claim so the trial court did not err in granting him $12,500. This answers the only question before us.

The judgment is affirmed.

TITUS, FLANIGAN and MAUS, JJ., concur.

CROW, P.J., recused.