SHERWOOD ESTATES HOMES ASSO-
CIATION, INC., Plaintiff-Appellant,

v.

John H. WATT and Donna R. Watt,
Defendants-Respondents.

No. KCD 30307.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Michael P. Keleher, Duggan, Keleher & Svetlic, Kansas City, for plaintiff-appellant.

William E. Shull, Gettig, Coulson & Shull, Kansas City, for defendants-respondents.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Sherwood Estates Homes Association brought an action to enjoin John and Donna Watt from maintaining a kennel-storage shed on a lot owned by them in Sherwood Estates. The court sustained a motion to dismiss Sherwood's petition because it was barred by § 516.095, RSMo 1969, and Sherwood appeals.

On this appeal Sherwood contends its action was not barred by § 516.095 because the facts in this case do not fall within the purview of that section, that the Watts through their predecessor in title agreed not to rely on any statute of limitations, and that § 516.095 is unconstitutional. Affirmed.

The Watts are the owners of a lot in Sherwood Estates, an addition in Kansas City, Clay County, Missouri. A declaration of restrictions covering Sherwood Estates was recorded by the developer of that addition in 1955. The Sherwood Estates Homes Association, Inc., a not for profit corporation, was organized for the purpose of enforcing the building restrictions and to perform certain duties of repair and maintenance of the common areas in the addition.

The restriction sought to be enforced is as follows:

"No outbuilding shall be permitted on any lot in the district."

Outbuilding is defined as:

"An enclosed covered structure not directly attached to the dwelling which it serves."

In response to Sherwood's petition, the Watts filed an answer affirmatively pleading the bar of § 516.095. With the motion to dismiss the Watts filed affidavits from Frank M. Cimino and Vincie Cimino stating they, as former owners of the lot, had caused a building to be constructed on it in the summer of 1966 to be used as a dog kennel, and such building, which was subsequently used for storage, had been in continuous visible existence on the same lot since 1966.

The petition to enjoin the maintenance of the building was filed on October 5, 1977. The parties stipulated to the facts stated in the affidavits filed by the Ciminos, so there was no dispute that the building was constructed in the summer of 1966 and the action was filed in October, 1977. Section 516.095, enacted in 1963, so far as applicable here, provides:

"No action for breach of a covenant restricting use of land caused or resulting from the size, height, cost or location of buildings or other visible improvements on the premises in violation of the covenant, including a proceeding to compel the removal of buildings or visible improvements on the land because of the violation of the terms of the covenant, shall be commenced after two years from the date this section takes effect or from the date when the right of action accrues, whichever is the later."

Since the court considered matters outside the pleadings, under Rule 55.27(a) the motion to dismiss should have been treated as a motion for summary judgment and disposed of as provided in Rule 74.04. *Kelley v. Schnebelen,* 545 S.W.2d 332, 334[1] (Mo.App.1977).

Sherwood's first point contends that § 516.095 does not bar this action because that section relates only to covenants restricting the "size, height, cost or location of buildings or visible improvements," and thus should not apply since the restriction sought to be enforced here is the outright

prohibition of the existence of any outbuilding.[1]

■ Sherwood's contention must be rejected since the restriction in this case prohibited an outbuilding not directly attached to the dwelling which it served, thus the prohibition rests on whether the building is attached to the dwelling. Therefore, the question in this case is solely one of location—whether the outbuilding is located so as to be connected to the dwelling—and as such, is within the purview of § 516.095. Furthermore, § 516.095 covers actions for the removal of buildings, which is clearly the object of this suit. Since the gist of the restriction is the location of a type of building and this case seeks removal of a building, it falls squarely within the provisions. of § 516.095, so the two-year bar imposed by that statute is applicable.

■ Sherwood next contends the Watts entered into a valid agreement not to raise an affirmative defense based on any statute of limitations because the restrictions involved contained the following provision:

" . . . and failure of the Company or owner or owners of any other lot or lots shown on this plat to enforce any of the restrictions herein set forth at the time of its violation shall in no event, be deemed to be a waiver of a right to do so thereafter."

It should first be noted that the provision relied on by Sherwood does not relate to any defense, but rather relates to the bringing of actions. For that reason, nothing in the provision applies to the raising of an affirmative defense. Further, Sherwood contends this provision demonstrates a waiver. It is well settled a waiver is the intentional relinquishment of a known right. *Greenberg v. Koslow,* 475 S.W.2d 434, 438[7, 8] (Mo.App.1972). There is nothing in the provision to indicate an intention on the part of Watts or their predecessor in title to relinquish any right to rely on the statute of limitations. There is no merit in Sherwood's contention.

■ Sherwood finally contends § 516.-095 impairs the obligation of the restrictions in violation of Art. 1, § 13, of the Missouri Constitution.[2] Sherwood contends the restrictions constitute a contract and the operation of a statute of limitations which bars an action to enforce the restrictions impairs the obligation of this contract. Sherwood's contention has been squarely ruled against it by the Supreme Court of the United States in *City of El Paso v. Simmons,* 379 U.S. 497, 85 S.Ct. 577, 13 L.Ed.2d 446 (1965) and in *Kreyling v. O'Reilly,* 97 Mo.App. 384, 71 S.W. 372, 374 (1902). In *Kreyling* a statute of limitations was passed which barred the foreclosure of mortgages more than two years after the notes secured thereby had been barred. The argument was made that this impermissibly impaired the obligation of contracts. The court held the statute did not operate to impair the obligation of contracts because a reasonable time was allowed for the bringing of actions. Sherwood has cited no case holding that a statute of limitations which allows a reasonable time to bring an action is unconstitutional

---

1. Although not raised by the parties, it should be noted Sherwood's action would also be barred by § 516.010, RSMo 1969, under the holding in *McLaughlin v. Neiger,* 286 S.W.2d 380, 384[5] (Mo.App.1956) in which it was held that a covenant imposing restrictions within a given area creates an easement in the owner of each lot in all of the lots affected by the restrictions. The court held this easement constitutes a hereditament so an action for the breach of the restrictive covenants is an action to restore the easement and thus comes within § 516.010 which bars actions to recover hereditaments after ten years.

2. Art. 5, § 3, of the Constitution, effective January 2, 1979, vests exclusive jurisdiction in the Supreme Court of questions involving the validity of a state statute; however, that section as amended in August, 1970, did not so provide. The notice of appeal was filed prior to January 2, 1979, and the construction of the Federal or State Constitution is not involved. The attack made on this section is not that it is unconstitutional but it is invalid only if it is construed to result in an impairment of the obligation of contracts. This does not in fact raise a constitutional issue. *Forbis v. Associated Wholesale Grocers, Inc.,* 513 S.W.2d 760, 767[10, 12] (Mo.App.1974).

as an impairment of contracts. In fact, all of the authorities are to the contrary. 16A C.J.S. Constitutional Law, § 394, pp. 79–80. No contention is made that § 516.095 does not allow a reasonable time within which to bring an action.

The Watts have filed a motion for damages for the taking of a frivolous appeal. While the issues raised by Sherwood have been easily resolved, this court recognizes that no cases have been decided under § 516.095 up to this time with reference to the first point. Except for that fact, this appeal would be frivolous and damages would be assessed under Rule 84.19.

The judgment should be modified to reflect the motion to dismiss is treated as a motion for summary judgment. As modified, the judgment is affirmed.

All concur.