**Rolla J. PENNELL, Appellant,**

**v.**

**David POLEN, Respondent.**

**No. WD 31231.**

Missouri Court of Appeals,
Western District.

Dec. 30, 1980.

Motion for Rehearing and/or Transfer
Denied Feb. 2, 1981.

Application to Tranfer Denied March
9, 1981.

Dowell, McNearney & Calton, Roger W. Calton, James B. Deutsch, Kansas City, for appellant.

Cedric Siegfried & Associates, Inc., Cedric Siegfried, David S. Durbin, Independence, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The plaintiff appeals from a summary judgment under Rule 74.04.

The plaintiff brought an action for breach of contract for the sale of the issued corporation stock. The answer to the petition alleged failure of consideration, illegality, mutual mistake and unconscionability. The defendant elicited discovery by request to the plaintiff for admissions of fact. On the morning of trial, the defendant presented a motion to dismiss the petition for failure to state a cause of action or, alternatively, for summary judgment. The court engaged counsel in discussion on the motion and then entered summary judgment.

We sustain the contention of the plaintiff that the adjudication violates the condition that notice precede summary judgment.

The summary judgment Rule 74.-04(c) provides: "The motion shall be served at least 10 days before the time fixed for the hearing ..." The defendant avoids the onus of temporal restriction by the contention that the petition failed to state a cause of action and so was subject to summary dismissal notwithstanding other formality of procedure. No doubt summary judgment—as well as a motion to dismiss for failure to state a claim—may rest upon pleadings alone. *Sam Kraus Company v. State Highway Commission,* 416 S.W.2d 639, 641[1] (Mo.1967). But when that summary judgment rests on matters outside the pleadings, the adjudication must conform to the procedure for summary judgment. *Ellis v. Jewish Hospital of St. Louis,* 581

S.W.2d 850, 851[1] (Mo.App.1979). That procedure calls for notice.[1] Rule 74.04(c).

The contract in suit had to do with the sale of a corporation. The terms of agreement referred to the transaction both as a sale of the outstanding shares of the corporation and as a transfer of the property of the enterprise as the consideration for the contract and as described in an appendage to the agreement. The contract contained no appendage nor other full description of the inventory and other property subject to transfer. The purchaser undertook to pay for the stock issue and other property from the gross of the monthly income of the enterprise.

The alternative motion, we note again, was presented to the court on the very day of trial, and without prior notice to the adversary litigant. It came as trial was about to commence. The motion alleged for relief, among grounds, that the obligation of the contract was made incomplete by the failure to specify the property to be transferred—and that the petition failed to state a claim because the plaintiff did not plead performance. Without invitation for comment from counsel for plaintiff, the court recessed to determine the merits of the motion. After consultation with a legal authority, the court reconvened and asked the plaintiff to respond to the motion. To one point of the contention the plaintiff argued that the contract was for the sale of the corporate stock so that the equipment and inventory were only incidents of the transaction. To the other point the plaintiff requested, but was denied, opportunity to amend to plead performance. The colloquy which ensued was an unrelieved debate between the court and counsel for plaintiff as to the effect of the contract terms, the significance of legal authorities on the problems perceived by the court to attend the petition as a valid statement of cause of action, and kindred concerns. It put, to all effect, counsel for plaintiff on his mettle for improvised response to the considered presentation of reasons and explicated legal authority given by the defendant in the formal motion.

■ The procedure adopted by the court antecedent to summary judgment contradicts the rationale of Rule 74.04(c) and Motion on the Judgment Rules 55.27(a) and (b): that all litigants have reasonable opportunity on notice to assemble the evidence and arguments to the court prior to judgment. *Advance Concrete & Asphalt Co. v. Ingels*, 556 S.W.2d 955, 957[2] (Mo.App.1977). There can be no doubt that the judgment rested on the response to discovery that the contract agreement referred to an exhibit—a matter outside the pleading proper—so that the adjudication was governed by summary judgment notice Rule 74.04(c). Rules 55.27(a) and (b). We need not decide whether Rule 74.04(c) preclusively requires that a ten-day notice precede summary judgment. We do say that a summary judgment made and entered on the very day of trial, without other notice to the adversary, or acquiescence, undermines the probity of the procedure and prejudices fairness.[2] In the terms of Judgment on the Pleadings Rule 55.27(b), such

1. The text of Rules 55.27(a) and (b) makes explicit that a dismissal of a petition on the pleadings which rests on matters other than the pleadings proper must conform to the summary judgment procedure of Rule 74.04. [For this purpose, a *judgment on the pleadings* and a *motion to dismiss* are equivalents. *Kelley v. Schnebelen*, 545 S.W.2d 332 (Mo.App.1976); *Sherwood Estates Home Association, Inc. v. Watt*, 579 S.W.2d 851 (Mo.App.1979).] The posture of the litigation at the time of summary judgment on the pleadings in this case is most aptly governed by Rule 55.27(b):

> After the pleadings are closed *but within such time as not to delay the trial,* any party may move for judgment on the pleadings. *If,*

> on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04. [emphasis added]

2. We question that the trial court procedure sufficed even as an unadorned motion for judgment on the pleadings under Rule 55.27(b). That rule allows the court to act only *within such time as not to delay the trial.*

an adjudication denies to the adversary the "reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04."

The summary judgment is reversed and the case is remanded.

WASSERSTROM, C. J., concurs.

MANFORD, J., concurs in separate opinion filed.

MANFORD, Judge concurring.

I concur in the result reached by the majority opinion in the above matter, but I must disagree with leaving the notice requirements of Rule 74.04(c) unresolved.

The majority opinion declares, "We need not decide whether Rule 74.04(c) preclusively requires that a ten-day notice precede summary judgment. We do say that a summary judgment made and entered on the very day of trial, without other notice to the adversary, or acquiescence, undermines the probity of the procedure and prejudices fairness."

The pertinent portion of Rule 74.04(c) reads,

"*Motions and Proceedings Thereon* The motion shall be served at least 10 days before the time fixed for the hearing . . ."

There is nothing contained within the remainder of Rule 74.04 which further references the requirement of notice. To state it another way, the rule does not express any other time element, nor does it expressly or impliedly permit a trial court to modify the time requirements in any manner.

The clear expressed intent of the rule, by its very wording, is that a 10–day notice is mandatory. There is no room for any other interpretation. The rule, while providing for an expeditious finality to litigation, (where as a matter of law finality can be achieved) also carries with it a specified number of days (10) to afford a defending party opportunity to respond to a motion filed pursuant to the rule.

The problem with the approach taken by the majority opinion is that conceivably as many as eight separate factual situations could arise and neither the trial court nor counsel would know in advance whether conformity with the rule had been achieved. To illustrate, if such a motion were filed and ruled upon the day of trial, the majority opinion concludes that such an action would be prejudicial. Nobody could argue with the soundness of that conclusion, but what if the motion had been filed say at 4:00 p. m. the day before trial? What about two days before trial, or three or four and so on up to the eighth or ninth day preceding trial. Then would such be prejudicial if ruled upon?

In those situations where the motion is filed somewhere between the 10th day prior to trial and the day of trial, the majority opinion does not address the problem. The result of such a position is that neither the trial court nor counsel would know until long after the initial proceedings whether the rule had been obeyed, by way of an opinion from a reviewing court. It is also not beyond the realm of possibility that interpretations under the rule would appear to conflict. For instance, suppose under a given set of circumstances a reviewing court holds such motion and ruling thereon, filed within four days of trial, was not prejudicial. By contrast, another court, under a different set of circumstances, might rule it prejudicial.

This court should address the matter with clarity and definiteness as to whether or not Rule 74.04(c) "preclusively requires that a ten-day notice precede summary judgment." In addressing the matter and in concluding that the ten-day notice is mandatory, a two-fold result can be reached.

In the first instance, the same result reached in the instant case would not be altered. Secondly, and just as importantly, to hold the rule mandatory regarding the 10–day notice would resolve all doubt for both the trial court and counsel. The benefits perceived in the latter instance would be a definite guideline for court and counsel, providing for a more orderly processing of such motions and a reduction or the

possible elimination of potentially costly and time-consuming relitigation which could result from varied interpretations of the rule.

Rule 74.04 is but a procedural rule mandatory in its terms. The instant case provides the opportunity to resolve the issue. This court should squarely face the issue. To refuse to address the issue leaves the issue in limbo and subject to possible equitable embellishment, which is neither necessary nor contributory toward clarity and straightforwardness, the very concepts for which the rule is designed.

If this court is to fulfill its dual capacity of deciding legal issues on the one hand, and providing guidance for the trial court and counsel on the other, it should hold, absent any formal waiver of the 10–day notice upon the record by an opposing party, that the 10–day notice is a mandatory or preclusive requirement to any ruling upon a motion filed within Rule 74.04.

As the matter stands now under the majority view, as best can be said to our trial courts and counsel, the instant proceedings stand as a caution light indicating that maybe prejudice will be found in the proceedings with which you are involved.

The judgment in the instant case should be reversed and the cause remanded upon a finding that a 10–day notice, absent any formal waiver, is mandatory under Rule 74.04(c), and a ruling upon such motion, not in conformity with such interpretation of the rule, is prejudicially erroneous.