Richard T. LAWSON and Beverly S. Lawson, Plaintiffs-Respondents,

v.

ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Defendant-Appellant.

No. 41907.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 23, 1982.

Dennis T. Rathmann, St. Louis, for defendant-appellant.

Phillips & Fowle by Arnold T. Phillips, Jr., St. Louis, for plaintiffs-respondents.

SATZ, Presiding Judge.

The trial court granted summary judgment for plaintiffs in this ejectment action. Defendant appeals. We reverse and remand.

■ In their petition, plaintiffs allege they are entitled to certain described property, subject to an easement held by defendant. Plaintiffs also allege that defendant has built a microwave repeater tower on their property but off of the easement. Because defendant has improperly located the tower off of the easement, plaintiffs allege defendant has wrongfully dispossessed them and defendant is wrongfully withholding possession of the property from them. These allegations are sufficient to state a cause of action in ejectment. § 524.060 RSMo 1978.

Defendant filed a general denial and an affirmative defense. The affirmative defense appears to be the defense of equitable estoppel. As its affirmative defense, defendant alleges that it purchased the right to maintain the tower on the subject property and this right is "a covenant running with the land." Defendant then alleges that due to a mutual mistake of defendant and the original grantor of the easement, the description of the easement did not fully cover the area the parties intended to cover. Further, defendant alleges that plaintiff knew or should have known of the actual location of the tower and of the misdescription of the easement at the time plaintiffs purchased the property in issue.

■ Plaintiffs moved for judgment on the pleadings. The trial court, however, treated the motion as a motion for summary judgment. This is clear from the court's judgment. In its judgment, the court states that argument had been presented on plaintiffs' "Motion for Summary Judgment." More important, the judgment recites that the court was "fully advised on (the) Motion, together with the pleadings, pre-trial discovery, depositions, affidavits and stipulations of the parties, . . . ." The failure of the court to exclude matters outside the pleadings from its consideration transformed the motion for judgment on the pleadings to a motion for summary judgment. Rule 55.27(b).[1]

■ The trial court committed procedural error in granting the motion for summary judgment. Under Rule 74.04(c), a motion for summary judgment must be filed at least 10 days before the time fixed for hearing. Also, the adverse party must be allowed time to file affidavits opposed to the motion. Rule 74.04(c). These rules are designed to grant the adverse party the time and opportunity to marshal and then present evidence at the hearing. *Advance Concrete & Asphalt Co. v. Ingels*, 556 S.W.2d 955, 957 (Mo.App.1977). Moreover, compliance with these rules is essential to

---

1. Rule 55.27(b) provides that: "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."

insure proper process, for even when a motion for summary judgment is properly processed, it is considered to be an "extreme and drastic remedy" which "borders on the denial of due process." *Miller v. United Security Ins. Co.*, 496 S.W.2d 871, 875 (Mo. App.1973); *see, e.g., Kroger Company v. Roy Crosby Company*, 393 S.W.2d 843, 844 (Mo.App.1965). Here, plaintiffs' motion and the affidavits on which it was based were filed on the same day the motion was granted. Obviously, defendant was not given the requisite notice of a hearing nor was it given the time or opportunity to file affidavits or marshal other evidence opposing the motion. Granting plaintiffs' summary judgment under these circumstances effectively denied defendant's right to a hearing, *Advance Concrete & Asphalt Co. v. Ingels, supra* at 957, and, thus, violated defendant's right to procedural due process, unless the judgment rendered can be justified on other grounds.

■ We turn to consider whether the court's judgment can be justified as a judgment on the pleadings for we may affirm the judgment if the trial court reached the right result even for the wrong reasons. *E.g., Edgar v. Fitzpatrick*, 377 S.W.2d 314, 318 (Mo. banc 1964); *Gross v. Gross*, 557 S.W.2d 448, 453 (Mo.App.1977). We find, however, that a judgment on the pleadings also would have been improper.

■ In a motion for judgment on the pleadings, the movant's position "is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, the facts are neverthe-

less insufficient as a matter of law." *Cantor v. Union Mut. Life Ins. Co.*, 547 S.W.2d 220, 224 (Mo.App.1977). However, if any material issue of fact remains after these assumptions are made, a judgment on the pleadings should not be granted. *Keener v. Black River Electric Co-Operative*, 443 S.W.2d 216, 218 (Mo.App.1969); *Helmkamp v. American Family Mut. Ins. Co.*, 407 S.W.2d 559, 565–66 (Mo.App.1966).

■ Here, defendant filed a general denial to plaintiffs' petition. This would put each fact of plaintiffs' claim in issue and, thus, a judgment on the pleadings could not have been entered in plaintiffs' favor. *See Helmkamp v. American Family Mut. Ins. Co., supra* at 565–66. Furthermore, even if we assume that defendant's affirmative defense supersedes its general denial,[2] plaintiffs would not prevail. Defendant may raise equitable as well as legal defenses to an ejectment action, *e.g., First National Bank of Cape Girardeau v. Socony Mobil Oil Co.*, 495 S.W.2d 424, 433 (Mo. 1973); *Clyburn v. McLaughlin*, 106 Mo. 521, 17 S.W. 692 (1891); *see generally*, 25 Am. Jur.2d, *Ejectment*, § 58 at 580 (1966). Thus, there is no procedural prohibition against defendant raising its defense whether the defense is labeled equitable or legal. Plaintiffs have not addressed this defense and, thus, they have not demonstrated that the defense is invalid as a matter of law.

Judgment reversed and cause remanded.

SMITH and SIMON, JJ., concur.

---

**2.** As noted, defendant not only pleaded a general denial, it pleaded an affirmative defense in which it admitted that its tower was located off of its easement but justified that location by mutual mistake. In the past, our Supreme Court has held that an admission of fact in an affirmative defense supersedes a general denial of that fact. *Brand v. Brand*, 243 S.W.2d 981, 982 (Mo.1951); *Farmers & Traders Bank v. Kendrick*, 341 Mo. 571, 108 S.W.2d 62, 64 (Mo. 1937); *Cowell v. Employers' Indemnity Corp.*, 326 Mo. 1103, 34 S.W.2d 705, 708 (Mo.1930). The basis of these decisions apparently was the former prohibition against pleading inconsistent defenses. *E.g., Cowell v. Employers' In-*

*demnity Corp., supra* at 708; *Meier v. Eureka-Security Fire & Marine Ins. Co.*, 168 S.W.2d 127, 131 (Mo.App.1943); *Fleming v. Joseph F. McMahon Contracting Corp.*, 45 S.W.2d 952, 955 (Mo.App.1932). This prohibition against pleading inconsistently no longer exists, Rule 55.10 and, thus, arguably, at present, a general denial and an affirmative defense which admits the facts denied should be defenses of equal viability. This is not the understanding of our Courts. In *Sayers v. Bagcraft Corp. of America*, 597 S.W.2d 280, 282 (Mo.App.1980), the Court, in dicta, cited with approval the rule that an affirmative defense admitting a fact supersedes a general denial of that fact.