DONALD L. MANFORD, Special Judge.
This is a civil action in quantum meruit to collect alleged attorney fees. Summary judgment was entered. The judgment is reversed and the cause remanded.
A brief recital of the pertinent facts suffices.
Respondent Morley brought an action in quantum meruit for legal services rendered to appellant Henske. (During the entire proceedings both parties appeared pro se.) Appellant answered respondent’s petition and asserted a counter-claim for breach of contract. Respondent’s answer to the counter-claim asserted the affirmative defense of failure to state a claim. Discovery was commenced by both parties in the forms of requests for admissions and interrogatories.
Appellant filed a motion to compel respondent to answer interrogatories and the court conducted a hearing on said motion on October 15, 1984. During the hearing, and with no prior notice to appellant, respondent made an oral motion for summary judgment. The court denied appellant’s request for an opportunity to respond to the motion and immediately granted summary judgment in favor of respondent on the issue of liability alone. In its order, the court also denied appellant’s motion to compel discovery.
Trial on the issue of damages only was set for April 15, 1985. Meanwhile, appellant filed with the court documents requesting that the court enter Findings of Fact and Conclusions of Law on its summary judgment, and that the court comply with Rule 74.04(d) by entering its order specifying which facts are uncontroverted. These requests were ignored by the court. Appellant also requested a continuance which was denied.
Trial on the issue of damages commenced on April 15, 1985. Both parties testified and the court entered its judgment in favor of respondent in the amount of $984.25 plus costs.
A sole point is presented, which charges that the trial court erred in entering summary judgment, because the trial court failed to comply with Rule 74.04(c) and (d).
Rule 74.04(c) provides: “The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits ...” There is nothing within the Rule pertaining to any exceptions to the requirement of notice. The Rule does not allow the court to modify this time requirement. The clear and express intent of the rule, by its very wording, is that a 10-day notice is mandatory. There is no room for any other interpretation. See Pennell v. Polen, 611 S.W.2d 323, 325 (Mo.App.1980).
The court’s ruling upon the motion for summary judgment was not in conformity with the mandates of Rule 74.04(c) and is prejudicially erroneous. The judgment is reversed and the cause remanded.
CRIST and REINHARD, JJ., concur.