**JOACHIM SAVINGS & LOAN ASSOCIATION, Plaintiff–Respondent,**

v.

**STATE FARM FIRE AND CASUALTY CO., Defendant–Appellant.**

No. 54030.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 27, 1988.

Joseph M. Kortenhof, Lee A. Bonine, St. Louis, Robert E. Rapp, Byron S. Bier, Clayton, for defendant-appellant.

Mark T. Stoll, Paul T. Krispin, Jr., Hillsboro, for plaintiff-respondent.

STEPHAN, Presiding Judge.

This is an appeal from a summary judgment awarding insurance proceeds and damages for vexatious delay of payment on the policy. The trial court granted summary judgment to the plaintiff on the basis that there existed no genuine issue of material fact and defendant appeals.

On November 18, 1983, Arthur and Linda Koerber purchased a 1970 Ford Mustang for $1,500.00. The purchase was financed through Joachim Savings & Loan Association ("Joachim"). The Koerbers signed a personal note for $4,935.42, and Joachim took a security interest in the car.

On November 21, 1983, State Farm Fire and Casualty Company ("State Farm") issued an automobile insurance policy to the Koerbers for the Mustang with a "loss payable" clause to Joachim as "lienholder." The car was destroyed by fire on July 17, 1985. After the fire, Joachim asserted that it was entitled to the unpaid balance of the loan, $3,783.90.

State Farm declined to pay Joachim on two grounds: first, that the policy required Joachim to repossess the Mustang as a condition precedent to receiving payment;

second, because Joachim refused to cooperate, State Farm's duty to pay under the policy was nullified.

Joachim filed its petition on March 18, 1986. In it, Joachim claimed that State Farm owed Joachim $3,783.90 plus interest from December 6, 1985. Joachim further claimed that, pursuant to § 375.420 RSMo, it was entitled to damages for vexatious refusal to pay the loss and attorney's fees.

On October 22, 1986, Joachim filed a Motion for Summary Judgment or Partial Summary Judgment. On January 6, 1987, Judge Patterson entered an order of partial summary judgment for Joachim, holding that there was:

> [N]o affirmative duty for the plaintiff to repossess the automobile in order to make a claim under the policy. This court may not enter summary judgment at this time in that it is not determined what the interests may appear to be nor is it shown that State Farm has found that it is not practicable to repair the car at this stage of the evidence.

Thereafter, on April 29, 1987, Judge Patterson transferred the case to Judge Hess to be combined with a lawsuit brought by the Koerbers against State Farm.

The case was set for trial on November 2, 1987. On that day, without notice, Joachim renewed its Motion for Summary Judgment. Joachim also filed a supplemental affidavit, executed by its President, stating that the amount due on the loan was $3,795.99. In addition, there were claims for $1,972.50 in attorney fees and $529.00 for vexatious refusal to pay. The affidavit further stated that State Farm "has never disputed the balance due to plaintiff."

Legal argument was heard in Judge Hess's chambers concerning the renewed motion. At no time did State Farm object to the lack of notice. The trial court found no genuine issue of material fact and entered judgment for Joachim in accordance with the prayer.

State Farm's first point is that the trial court erred in granting summary judgment on November 2, 1987. We agree.

Summary judgment is a drastic remedy because it borders on denial of due process in that it effectively denies the opposing party his day in court. *Olson v. Auto Owners Insurance Company,* 700 S.W.2d 882, 884 (Mo.App.1985). To protect against the improvident granting of summary judgment, certain procedural requirements have been promulgated. Supreme Court Rule 74.04(c) requires that "the motion *shall* be served at least ten days before the time fixed for hearing." (emphasis supplied) In the present case, no notice was given.

■ The clear and express intent of the rule is that the ten day notice is mandatory. *Morley v. Henske,* 704 S.W.2d 298, 299 (Mo.App.1986). The rule is designed to allow the adverse party time and opportunity to file affidavits in opposition to the motion as well as to gather and then present its evidence at the hearing. *Lawson v. St. Louis—San Francisco Railway Company,* 629 S.W.2d 648, 649 (Mo.App.1982). This is particularly important when summary judgment rests on matters outside the pleadings, as is the case here. *Pennell v. Polen,* 611 S.W.2d 323 (Mo.App.1980).

■ Joachim would have us believe that notice was given. This is the same motion for summary judgment filed October 22, 1986, more than a year before the trial date. We find this argument unpersuasive.

The motion filed October 22, 1986 was ruled upon. Partial summary judgment was granted January 6, 1987. Therefore, when Joachim reasserted the motion on the day of trial, it was a new motion and all procedural requirements had to be met.

■ We find that the motion for summary judgment granted on November 2, 1987 was granted in error. A summary judgment made and entered on the same day as trial, without notice to the adversary, undermines the probity of the procedure and prejudices fairness. *Pennell,* 611 S.W.2d at 324.

State Farm's second point alleges that the trial court erred in granting partial summary judgment on January 6, 1987. State Farm asserts that Joachim had not

fulfilled a condition precedent to receiving payment under the policy because Joachim failed to repossess the car. We disagree.

■ We will enforce the contract as it is written unless there is an ambiguity. *Hempen v. State Farm Mutual Automobile Insurance,* 687 S.W.2d 894 (Mo. banc 1985). A contract is ambiguous only if the terms are susceptible to more than one meaning. *Hill v. McDonald's Corporation,* 709 S.W.2d 169, 170 (Mo.App.1986).

■ This contract is not ambiguous. Joachim was not required to repossess the vehicle in order to collect under the insurance policy. The policy simply provided that payment for comprehensive or collision loss would be paid to the creditor rather than the named insured "if (the vehicle) has been repossessed." It did not rule out payment to the creditor of the amount owed on a destroyed vehicle. Therefore, the partial summary judgment entered on January 6, 1987 was proper and the point is denied.

State Farm's final point is that the trial court erred in awarding damages for vexatious delay. We agree.

■ To recover for vexatious delay in refusing to pay on an insurance claim, one must show that the insurer's refusal was willful and without reasonable cause. *Turnbough v. Farmers Insurance Company,* 720 S.W.2d 752, 755 (Mo.App.1986). When there is an open question of law or fact, the insurer may insist upon a judicial determination of those questions without being penalized. *Hay v. Utica Mutual Insurance Company,* 551 S.W.2d 954, 958 (Mo.App.1977). The existence of a litigable issue will not necessarily preclude a penalty for vexatious delay if there is evidence that the insurer's attitude was vexatious and recalcitrant. *DeWitt v. American Family Mutual Insurance Company,* 667 S.W.2d 700, 710 (Mo. banc 1984). However, we find no such evidence here.

■ Prior to January 6, 1987, when the partial summary judgment was granted, there were at least two issues to be determined, one of law and one of fact. The trial judge decided the legal question when he interpreted the insurance contract. After that, there still remained the question of the amount of damages occasioned by the destruction of the automobile.

State Farm had the right to have such questions determined before making payment. Moreover, Joachim did not present any evidence indicating State Farm's attitude was vexatious, only that State Farm refused to pay. We find that the award of damages for vexatious delay was error, and, it is therefore reversed.

The judgment of the trial court is reversed as to the summary judgment granted November 2, 1987 and the award of damages for vexatious delay and attorney's fees. The order of partial summary judgment is affirmed. The cause is remanded for a hearing on the issue of damages only. At that time, Joachim may present evidence that State Farm's attitude was vexatious and recalcitrant, and an award for vexatious delay and attorney's fees may be granted if they are shown to be warranted.

PUDLOWSKI, C.J., and DOWD, J., concur.