**RADIOLOGICAL ASSOCIATES OF METROPOLITAN ST. LOUIS, M.D.'S, P.C., Appellant,**

v.

**MIDWEST DIAGNOSTIC CONSULTANTS, INC.; William Lee Cowden, M.D.; Robert Rubin, M.D.; Paul R. Altsheler, Jr., M.D.; and Richard J. Kloecker, M.D., Respondents.**

No. 58051.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 12, 1991.

Joanne D. Martin, Robert L. Jackstadt, St. Louis, for appellant.

Bruce M. Wurmser (Cowden), St. Louis, Mark E. Goodman, Clayton, for respondents.

CRIST, Judge.

Appellant (plaintiff) appeals the sustentation of respondents' (defendants) motions for summary judgment. We reverse and remand.

Plaintiff alleged defendants breached an oral contract to purchase radiological equipment from it for the sum of $23,000. The case was set for jury trial on January 22, 1990. On that day, during the pretrial conference, defendants Rubin, Altsheler and Kloecker filed a motion for judgment on the pleadings based upon the statute of frauds. Arguments were had on the motion, and the jury trial was held in abeyance.

The next day, defendant Cowden filed his separate motion for judgment on the pleadings, or in the alternative, for summary judgment, on the grounds of agency and the statute of frauds. The trial court elected to treat the motions as motions for summary judgment since evidence was considered outside the pleadings. Plaintiff objected to consideration of the motions for summary judgment on the ground it had had no notice. On the same day, January 23, 1990, the trial court entered summary judgment in favor of all defendants and against plaintiff.

Plaintiff was entitled to the ten-day notice provided in Rule 74.04(c). For the reason matters outside the pleadings were considered, the trial court had to conform to the procedures for summary judgment. *Graff v. North Port Development Co.*, 734 S.W.2d 221, 227 [1, 2, 3] (Mo.App.1987). *See also Lawson v. St. Louis–San Francisco Railway Company*, 629 S.W.2d 648, 649 [3, 4] (Mo.App.1982), and *Pennell v. Polen*, 611 S.W.2d 323, 323 [1] (Mo.App. 1980). Plaintiff must be afforded an opportunity to file counter affidavits. Since we cannot perceive the content of any such affidavits, we do not rule on plaintiff's other points relied on.

Reversed and remanded.

GARY M. GAERTNER, P.J., and SIMON, J., concur.