**NORTHRIDGE ASSOCIATION OF ST. JOSEPH, INC., Plaintiff,**

Orville E. and Dorothy H. Blume, Respondents,

v.

Michael J. and Paula J. WELSH, Appellants.

No. WD 51054.

Missouri Court of Appeals, Western District.

June 11, 1996.

George Scott Murray, St. Joseph, for appellants.

Donald E. Parker, St. Joseph, for respondents.

Before HANNA, P.J., and SMART and ELLIS, JJ.

HANNA, Presiding Judge.

Defendants, Michael J. and Paula J. Welsh, appeal from the circuit court's order granting a mandatory injunction in favor of plaintiffs, Orville E. and Dorothy A. Blume, ordering the defendants to permanently remove a satellite dish from their property. The issue presented concerns the definition of a satellite dish which, in turn, determines whether the two or ten year statute of limitations applies.

The facts are undisputed. In 1977, a "Declaration of Covenants, Conditions and Restrictions," which placed deed restrictions on the defendants' and plaintiffs' residential lots, was recorded in the Buchanan County Recorder of Deed's Office. In 1990, the defendants put a satellite dish on their property. Thereafter, Northridge Association of St. Joseph (Northridge) notified them, in writing, that the satellite dish was prohibited by the deed restrictions. In July 1991, Northridge filed a Petition for Mandatory Injunction to compel the defendants to remove the satellite dish. The defendants answered that Northridge lacked standing to bring the action, and the petition was barred by the two year statute of limitations set forth in § 516.095, RSMo 1994. The defendants' filed a counterclaim, which requested that the court set aside liens filed by Northridge against them for their failure to pay Homeowner's Association dues. A copy of the Certificate of Non–Payment of Assessment, filed with the Buchanan County Office of the Recorder of Deeds, was attached to, and incorporated by reference into, the counterclaim.

In December 1994, the Blumes intervened as plaintiffs. The defendants renewed their two year statute of limitations affirmative defense.

The court dismissed Northridge as a party on the grounds that it was not the real party in interest, but found that the Blumes had standing to enforce the deed restrictions. The court found that the ten year statute of limitations set forth in § 516.010, RSMo 1994, applied and ordered the defendants to permanently remove the satellite dish. The court held that it would not determine whether Northridge was the proper party to file and remove liens because no proof that a lien had been filed by Northridge against the defendants' property was offered at trial.

■ In a court tried case, our standard of review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo.1976), and we must uphold the trial court's judgment unless it is not supported by the evidence, is against the weight of the evidence, or the court has erroneously declared or applied the law. *Id.* at 32.

■ In their first point, the defendants claim that the trial court erred in granting the permanent injunction because the claims were barred by the two year statute of limitations set forth in § 516.095, RSMo 1994, which provides, in pertinent part:

No action for breach of a covenant restricting use of land caused or resulting from the size, height, cost or location of *buildings or other visible improvements* .... shall be commenced after two years from the date ... when the right of action accrues .... (emphasis added).

The defendants argue that their satellite dish was a type of *building,* subject to § 516.095. They rely on *Sherwood Estates Homes Association v. Watt,* 579 S.W.2d 851 (Mo.App.1979), and *Perry v. Spavale,* 828 S.W.2d 709 (Mo.App.1992), as support.

In *Sherwood,* the defendant had a storage shed on his property, and the plaintiff sought to enforce a restrictive covenant, which prohibited "outbuildings" on residential lots. *Sherwood,* 579 S.W.2d at 852. The restriction defined an "outbuilding" as "an enclosed covered structure not directly attached to the dwelling which it serves." *Id.* The question before the court was solely one of location—whether the storage shed was located so as to be connected to the dwelling. *Id.* at 853. Because the *Sherwood* case involved the *location* and removal of a *building,* it fell within the provisions of § 516.095, and the two year statute of limitations applied. *Id.*

In *Perry,* the court found a 120 foot tall radio transmission tower to be a *building. Perry,* 828 S.W.2d at 713. However, the court's analysis focused on whether the radio tower was a *building* for purposes of the restrictive covenant at issue in that case, not for purposes of § 516.095.

Like the defendants here, the defendants in *Terre Du Lac Property Owners' Association, Inc. v. Wideman,* 655 S.W.2d 803 (Mo. App.1983), argued that § 516.095 barred the plaintiff's claims that the defendants were in violation of a restrictive covenant. The plaintiff argued that an electric sign and construction equipment placed in the defendants' yard for commercial purposes violated a restrictive covenant. The *Terre* court held that § 516.095 did not apply because neither the electric sign nor the equipment were *visible improvements or buildings,* as referred to in the statute. *Id.* at 806.

In this case, the deed restriction at issue does not relate to the size, height, cost, or location of the satellite dish. Further, the dish does not qualify as a building or other visible improvement. The word "building," in its broad sense, refers to that which is constructed. *Perry,* 828 S.W.2d at 712. In its narrow sense, the word "building" refers to a structure designed for habitation, shelter, storage, trade, manufacture, religion, business, education, and the like, which encloses a space within its walls and usually is covered by a roof. *Id.* The satellite dish at issue here is not a building in either sense of the word.

■ The two year statute of limitations set forth in § 516.095 is not applicable in this case. Instead, as asserted by the plaintiffs, § 516.010, RSMo 1994, is the applicable statute of limitations. Section 516.010 provides that "[no] action for the recovery of any lands, tenements or hereditaments . . . shall be commenced . . . by any person . . . unless it appears that the plaintiff was seized or possessed of the premises in question within ten years before the commencement of such action."

■ A covenant imposing valid restrictions upon lots within a given area creates an easement appurtenant thereto, and the owner of each lot has an easement in each lot affected by the restrictions. *McLaughlin v. Neiger,* 286 S.W.2d 380, 383 (Mo.App.1956). The instant easement, prohibiting the defendants from placing a satellite dish on their property, is a hereditament. That is, it is a right appurtenant to real property and would pass by inheritance with the lot to which it is appurtenant. *Id.* at 384. The plaintiffs seek to restore their easement in the defendants' lot. This action is controlled by § 516.010, which specifically applies to hereditaments. *Id.; see also Terre Du Lac,* 655 S.W.2d at 805. The trial court properly applied § 516.010. Point denied.

■ In their second point, the defendants allege that the trial court erred in not setting aside liens allegedly filed by Northridge. The trial court found that the defendants offered no evidence at trial that Northridge filed any liens on the defendants' property. The defendants contend, however, that the "Certificate of Non-payment of Assessment" attached to their counter-claim, as well as the stipulations and admissions of Northridge at trial, constitute sufficient evidence to support a finding that Northridge had filed liens against their property.

The defendants contend that the Certificate was "impliedly" before the court because it was attached as Exhibit A and incorporated by reference into their counterclaim. However, the copy of the Certificate attached to the counter-claim may not be considered by the trial court as proof that a lien was filed against the defendants' property. The Certificate was never introduced as evidence

and, therefore, may not be considered as such.

The defendants argue that stipulations and admissions made by Northridge alerted the court to the fact that the defendants had not paid annual dues for the years 1990 through 1994. The defendants also point to one comment made by the plaintiffs' counsel that "one [lien] I think is the only one," as evidence that liens were filed. Although the trial court found the stipulation that Northridge "authorized the filing of liens against real estate owned by persons owing assessments" to be relevant, it was not proof that Northridge had filed any liens on the defendants' property.

The defendants also argue that, given the court's previous finding that Northridge was not a real party in interest to seek enforcement of any deed restrictions, Northridge also lacked the authority to file or enforce liens arising from the non-payment of dues authorized by the "Declaration of Covenants, Conditions and Restrictions." The trial court was not required to address this issue as to whether Northridge was a real party in interest because it held that defendants had not presented evidence that a lien was filed against their property.

Affirmed.

SMART and ELLIS, JJ., concur.