**Allan G. KEIM, Plaintiff/Appellant,**

v.

**BIG BASS, INC., Defendant/Respondent.**

No. 70352.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 3, 1997.

Application to Transfer Denied
Aug. 19, 1997.

Timothy J. Gallagher, St. Louis, for plaintiff/appellant.

Terrance J. Good, Lashly & Baer, P.C., St. Louis, for defendant/respondent.

GRIMM, Judge.

In this negligence action, plaintiff appeals from the trial court's entry of summary judgment in favor of defendant. We affirm.

Plaintiff raises only one point. He alleges the trial court erred in converting defendant's motion for judgment on the pleadings to a motion for summary judgment "without affording [him] the procedural safeguards of Rule 74.04 as required by Rule 55.27."

## I. Background

In his amended petition filed May 18, 1993, plaintiff alleged that on May 9, 1992 defendant operated a raceway. On that date, plaintiff paid an admission fee. While at the raceway, he was "threatened, beaten and assaulted by patrons of defendant."

Further, he alleged that defendant served alcoholic beverages and defendant had an "inadequate number of security guards" to "adequately monitor the crowds or unruly conditions." In addition, he alleged defendant was aware of earlier incidents of fighting breaking out. Also, he alleged defendant assumed "the duty to provide adequate security to patrons ... by providing security guards and creating a false sense of security." Because of defendant's breach of this duty, plaintiff was "severely beaten" and "sustained severe and permanent injury."

Trial was to begin on April 9, 1996, approximately three years after the amended petition was filed. In a pre-trial conference that morning, defendant filed a motion for judgment on the pleadings. Following a lengthy colloquy, the trial court sustained the motion as a summary judgment.

## II. Summary Judgment

As indicated, plaintiff raises only one point. He contends the trial court erred in converting defendant's motion for judgment on the pleadings to a summary judgment motion "without affording to plaintiff the procedural safeguards of Rule 74.04 as required by Rule 55.27." These safeguards, which plaintiff contends were stripped from him, are the requirements of notice and pleading with particularity.

Defendant specifically referred to Rule 55.27(b) in its motion for judgment on the pleadings. This rule provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04.

The wording of Rule 55.27(b) has not changed in more than twenty years. In contrast, the summary judgment rule, Rule 74.04, has had several changes. The supreme court adopted the most recent amendment in 1993, effective January 1, 1994.

Rule 74.04(c)(1) requires a summary judgment motion to "state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue." In addition, each paragraph must give a specific reference to the pleading, discovery, or affidavit that demon-

strates the lack of a genuine issue as to such facts.

Rule 74.04(c)(2) gives the adverse party thirty days to serve a response. Similar to the motion, the response must admit or deny each of movant's factual statements, giving reasons for any denial and attaching material which indicates why the fact is in dispute.

Rule 74.04(c)(3) prescribes when the trial court can decide the motion. It cannot do so until after the adverse party's response has been filed, or the time for filing a response has expired, whichever is earlier.

### A. Notice Safeguard

█ Defendant did not comply with the notice requirements. Under the general rule concerning notice, Rule 44.01(d), a movant is required to give not less than five days notice before calling up the motion for hearing. Defendant did not give such notice, for it filed the motion in the pre-trial conference on the first day of trial.

█ Nor did the trial court give the required notice. Before the trial court can treat the motion as one for summary judgment, it must first notify all parties that it is treating the motion as one for summary judgment. *See Counts v. Morrison–Knudsen, Inc.,* 663 S.W.2d 357, 363 (Mo.App. S.D. 1983); *Lee v. Osage Ridge Winery,* 727 S.W.2d 218, 224 (Mo.App. E.D.1987). The record fails to disclose that the trial court complied with this requirement.

█ Moreover, under Rule 55.27(b), if the trial court is going to treat a motion for judgment on the pleadings as a summary judgment motion, the motion should be "disposed of as provided in rule 74.04." Thus, in such a situation, it would appear that the requirements contained in Rule 74.04 for the motion, response, and ruling would be applicable. *See Lawson v. St. Louis–San Francisco Ry. Co.,* 629 S.W.2d 648, 649–50 (Mo. App. E.D.1982).

Our western district colleagues considered a somewhat similar factual situation in *Pennell v. Polen,* 611 S.W.2d 323 (Mo.App. W.D. 1980). There, on the morning of trial, the defendant filed a motion to dismiss for failure to state a cause of action or, alternatively, for summary judgment. *Id.* at 323. There, as here, the trial court engaged counsel in discussion on the motion and then entered summary judgment. The court reversed, saying, "a summary judgment made and entered on the very day of trial, without other notice to the adversary, or acquiescence, undermines the probity of the procedure and prejudices fairness." *Id.* at 324.

Here, unlike in *Pennell,* the record reflects that plaintiff[*] acquiesced in the trial court treating the motion as one for summary judgment. Following a lengthy colloquy and the examination of several depositions, the following exchange occurred:

COURT: If neither of you want to offer any evidence, that's fine. I'm just looking for some areas to tighten up the record and it seems to me, I've got to make a determination at this point as to the issue of the special facts and circumstances exception.

Whether I make it now; whether I make it after your opening statement; whether I make it after or at the time of the instruction ·conference; I'm going to face the same decision.

I've got the time to try the case; that's not my concern.

PLAINTIFF: It isn't my concern either. *It's just that if it has to be faced and if it is faced; it's basically a law question as [defense counsel] has represented to the Court and we can do it just as well off the record.*

COURT: I think it would be, obviously, better on the record.

PLAINTIFF: I didn't mean go off the record. I mean what we are reporting to the Court here.

DEFENDANT: *You'd just as soon make the decision now as opposed to waiting for a motion for directed verdict.*

PLAINTIFF: *Right, that's what I was trying to say.*

\*　　\*　　\*　　\*　　\*　　\*

---

[*] The attorney representing plaintiff on appeal was not his trial counsel.

COURT: Is there anything that you wish to add to the record before I enter an order in this matter?

PLAINTIFF: I have nothing to add, your Honor. I believe we've covered it all.

(Emphasis added).

Plaintiff's counsel agreed with defendant's counsel that he would prefer the trial court make its decision then, rather than waiting for a later time. By doing this, plaintiff acquiesced in having the trial court enter judgment on the motion and evidence presented to it.

Nevertheless, plaintiff contends that the trial court's "failure to follow the proper procedure" is reversible error. He relies on *Radiological Assocs. of Metropolitan St. Louis v. Midwest Diagnostic Consultants, Inc.,* 804 S.W.2d 863 (Mo.App. E.D.1991) and *Joachim Savings & Loan Ass'n v. State Farm Fire and Casualty Co.,* 764 S.W.2d 648 (Mo.App. E.D.1988). Neither case aids plaintiff.

In *Radiological Assocs.,* the trial court elected to treat a motion for judgment on the pleadings filed on the day the case was set for trial as a summary judgment motion. *Id.* at 864. In that respect, the case is similar to the one before us. However, in that case, unlike here, the plaintiff "objected to consideration of the motions ... on the ground it had no notice." *Id.*

In *Joachim,* on the day the case was set for trial, without notice, plaintiff renewed a previous motion for summary judgment. *Id.* at 650. Defendant did not object. The trial court granted the motion and this court reversed for plaintiff's failure to give notice. In contrast, here plaintiff not only did not object, he indicated he would "just as soon" the trial court make its decision then, rather than waiting for a motion for directed verdict.

Under the facts and circumstances of this case, the trial court did not err in ruling on the motion despite the lack of notice. Plaintiff acquiesced in the trial court's action and thereby waived the notice requirement.

### B. Plead with Particularity Safeguard

Plaintiff also contends the trial court erred in granting the summary judgment motion because the motion was not pled with particularity as required by Rule 74.04(c)(1).

■ Rule 74.04(c)(1) states: "[m]otions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." This rule is intended to apprise the opposing party, trial court, and appellate court of the specific basis for summary judgment without necessitating an independent investigation. *See Miller v. Ernst & Young,* 892 S.W.2d 387, 389 (Mo.App. E.D. 1995).

■ Plaintiff claims the lack of particularity in the motion leaves it defective. However, this court has held that if the basis for the ruling is clear and obvious to all, the ruling is not per se erroneous. *Mathes by and through Mathes v. Nolan,* 904 S.W.2d 353, 355 (Mo.App. E.D.1995).

■ In the case before us, early in the discussion of defendant's motion, defendant referred to *Miller v. South County Center, Inc.,* 857 S.W.2d 507 (Mo.App. E.D.1993). Defense counsel pointed out that *Miller* recognized the general rule that the owner of business property has no duty to protect an invitee from a deliberate criminal attack by a third person. However, he mentioned that there are two exceptions, i.e. the owner may be liable if "special relationships" or "special facts and circumstances" exist.

*Miller* was mentioned on page ten of the transcript. At page thirty-five, the trial court found that there was insufficient evidence to come within the exceptions to the general rule. The intervening twenty-five pages are replete with comments and discussions, as well as references to specific evidence, concerning whether there was evidence of an exception. It is clear from reading the transcript that the attorneys and trial court all focused their attention on this one issue. Thus, pleading with particu-

larity was unnecessary and the trial court did not err as charged. Point denied.

Although plaintiff does not raise the merits of the summary judgment, we have reviewed the legal file, including depositions, ex gratia. Plaintiff's evidence is insufficient to establish either the "special relationships" or "special facts and circumstances" necessary to avoid the general rule. *See Miller,* 857 S.W.2d at 510. The trial court's judgment is affirmed.

CRAHAN, P.J., and HOFF, J., concur.