**39TH & MAIN BUSINESS CENTER ASSOCIATION, INC.,**
**Respondent,**

v.

**J. Lewis WYATT and Kristina Smith Wyatt, d/b/a The Southwell Building Company, Appellants.**

**No. WD 62662.**

Missouri Court of Appeals,
Western District.

July 30, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 2004.

Application for Transfer Denied
Nov. 23, 2004.

Philip A. Klawuhn, Kansas City, MO, for appellants.

Patrick L. Kenney, Kansas City, MO, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, THOMAS H. NEWTON, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Presiding Judge.

Starting in September 1998, J. Lewis Wyatt and Kristina Wyatt, who own the Southwell Building at 3925 to 3941 Main Street in Kansas City, Missouri, stopped paying the quarterly assessments levied against them by Respondent the 39th & Main Business Center Association ("the

---

Association") pursuant to a Property Owners Declaration ("the Declaration") to which the Wyatts were a party.[1] Subsequently, the Association filed the present action against the Wyatts in the Associate Circuit Court of Jackson County seeking damages for the unpaid assessments along with attorneys' fees and interest. The Association also sought foreclosure on the subject property.

The Wyatts did not file an answer to the Association's petition within the time permitted.[2] On August 26, 2002, Appellants filed a motion for leave to file an answer out of time. That motion was denied.

The cause was tried to the court on October 4 and November 18, 2002. At trial, the Wyatts claimed that they stopped paying their assessments "because of shoddy maintenance provided by the Association and other concerns." The Wyatts also asserted that the Association was using some of its funds for purposes that were not proper under the Declaration. The Wyatts further contended at trial that the Association had improperly allowed one of its members to lease a portion of the parking lot to a non-association member and to put up signs purporting to reserve certain parking spots for the use of that member's customers.

Following trial, on January 2, 2003, the circuit court entered judgment in favor of the Association for assessments accrued from September 1, 1998, through March 1, 2003, in the amount of $24,926.05 plus court costs and post-judgment interest. The court also ordered foreclosure on Appellants' property.

In its judgment, the court found that the Appellants had breached the terms of the Property Owners Declaration by failing to pay the assessments. The court further found that the Association had fully performed all of the obligations it owed to Appellants under the Property Owners Declaration and that it had not committed any material breach of that agreement. The court also found in favor of the Association under a quantum meruit theory.

The court initially denied the Association's motion for attorney's fees and prejudgment interest finding that insufficient evidence had been presented in support of those motions. Subsequently, however, on a motion to reopen and modify the judgment, the trial court awarded attorney's fees ($23,056.05) and prejudgment interest to the Association. Appellants bring seven points on appeal.

Because we conclude that the Wyatts' Points I, II, III, IV, V, and VII lack merit and that discussion of those points would have no precedential value, we hereby affirm as to those points by summary order pursuant to Rule 84.16(b). We are furnishing the parties a memorandum of the reasons for our decision as to those issues. In this opinion, we address only the Wyatts' Point VI.

Our standard of review in an appeal from a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Northridge Ass'n of St. Joseph, Inc. v. Welsh*, 924 S.W.2d 305, 306 (Mo.App. W.D.1996). "The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law." *Riverside–Quindaro Bend Levee Dist. v. Missouri Am. Water Co.*, 117 S.W.3d 140,

---

1. The Declaration was originally executed on October 1, 1985, and the Wyatts were parties to that agreement.

2. In actions filed in associate circuit court, an answer is not required, and the failure to file an answer serves as a general denial of the petition. § 517.031.2.

146 (Mo.App. W.D.2003) (citing *Murphy,* 536 S.W.2d at 32).

In their sixth point, the Wyatts argue that the trial court abused its discretion in awarding prejudgment interest to the Association, contending that the trial court correctly found in its initial judgment that the Association had presented insufficient evidence from which the proper rate of interest could be determined. They claim that no additional evidence was presented to warrant a change from the original judgment denying any award of interest. They further claim that the amount of interest awarded by the trial court, $29,389.48, was not supported by the evidence.

The Declaration clearly dictates that the Association is entitled to interest on any assessments that are not timely paid by a member. In this regard, Section 7.06 of the Declaration provides:

> Delinquent annual assessments shall bear interest at a rate equal to two percent (2%) in excess of the prime rate as announced at the time of any such delinquency by Landmark Bank of Kansas City, N.A., 39th and Main Streets, Kansas City, Missouri, or its successors, not to exceed the highest rate permitted by law. With respect to assessments payable annually, interest shall be calculated from the date such assessment is due and payable, and with respect to assessments payable quarterly, interest shall be calculated from the date the unpaid annual assessment is declared due and payable.

In denying an award of interest in its original judgment, the trial court found that the Association "did not provide the Court with any proof of the prime rate at the date the assessment was due and payable." In its motion to reopen and modify, the Association argued that the trial court was required to enter an award of interest because the clear language of the Declaration required such an award and cited to case law in support. The Association further asserted that the trial court could properly take judicial notice of historical interest rates.[3] Subsequently, the trial court entered amended judgment in favor of the Association "in the principal amount of $24,926.05 *with interest of $29,389.48* plus attorney fees of $23,056.05 plus court costs." (emphasis added).

The Association concedes that the award of $29,389.48 in interest was erroneous, but asserts that the judgment evidences the trial court's intention to actually award $4,463.43 in interest, the difference between the principal amount and the $29,389.48.[4] We simply cannot make the assumptions required to reach that conclusion.

It is clear that the trial court's award of $29,389.48 in interest on its principal award of $24,926.05 is erroneous. It is likewise clear that under the clear language of the Declaration the Association was entitled to some award of interest and that the trial court properly reopened the case to address that issue. We therefore reverse the interest award and remand to the trial court to determine the proper amount of interest to be awarded on the judgment.

The trial court's award of interest is reversed and the cause remanded for the trial court to determine the proper amount

---

3. The Association also argued that, in the alternative, the court should award statutory interest based upon the court's finding that the Association was entitled to damages under its quantum meruit claim.

4. In its proposed findings of fact, the Association had asserted that the interest due and owing under the Declaration for the late assessments was $4,463.43.

of interest to be awarded on the judgment. In all other respects, the judgment is affirmed.

All concur.